Sullivan, J.
Case against the defendant as sheriff* of Bartholomew county. The declaration contains two counts. The first charges that, on, &c., a certain writ of execution commonly called a fi.fa. came to the hands of the defendant-against the goods and chattels, lands and tenements, of J. Puddick and J. Ruddick, jun., by virtue of which he levied on a certain lot in the town of Columbus, the property of J. Ruddick; that having so levied he did, afterwards, &c., fraudulently and purposely abandon said levy, and failed to advertise and offer for sale the said land, and wholly failed to make, levy, or satisfy the debt, &c., for which the same issued, oy means whereof the plaintiff has been deprived of the means of collecting said debt. The second count is similar to the first, with the addition that it charges the defendant with failing to return the execution. Plea, the general issue,’with leave to give the special matter in evidence.
It appeared in evidence that the State of Indiana, on the re *477 lation of Deitz, treasurer of Bartholomew county, had recovered a judgment against J. Ruddick and J. Ruddick, jun., for the sum of $847, which had been assigned by the board of commissioners of the county to one Elder, and by Elder to A. and G. Jones, and that a fieri facias was issued on said judgment by the direction of A. and 0. Jones, and delivered to the defendant, sheriff of Bartholomew county, by virtue of which he levied on a lot in the town of Columbus, the property of J. Ruddick. After the rendition of the judgment, and while the execution was in the hands of the defendant, J. Ruddick, jun., one of the execution-debtors, became the treasurer of the county, and as such treasurer directed *the defendant to return the execution. The sheriff thereupon returned the writ, indorsed “ Returned by order of the treasurer of the county,” &c. It was admitted that the defendant and Ruddick. had notice of the transfer of the judgment by the Board of Commissioners to Elder, and that Elder had transferred it to A. and C. Jones, for whose benefit the execution had issued, and for whose use this suit was prosecuted.
W. W. Wick and L. Barbour, for the plaintiff.
A. A. Hammond, for the defendant.
On the foregoing facts, the Court, who tried the cause, gave judgment for the defendant.
We think the Court mistook the law of this case. The Board of Commissioners having transferred the judgment, the county had no further control over it, nor the execution that issued upon it. The control of it belonged to the assignees; and the sheriff, in obeying the directions of Ruddick, was guilty of a palpable violation of duty. A sheriff who seizes property by virtue of a. fieri facias, and does not sell within a reasonable time, is liable for his non-feasance to the party injured, unless he has an excuse known to the law. It will not certainly be contended that a neglect to sell at the request of one who has no other interest in the execution than to defeat it, is such an excuse.
Per Curiam.—The judgment is reversed with costs. Cause remanded, &c.