# Charlestown.

## CLARKE *v.* HOGEMAN.

Decided September 7, 1878.

1878
August Term.

1. One of several partners may assign a chose in action, due the firm.

2. A note or draft is in the hands of an attorney for collection; the note or draft may be assigned by the party entitled thereto by writing an assignment of "the within claim" on the back of the attorney's receipt.

3. An assignee of a note or draft does not acquire the legal title to the debt, but an equitable right, which by virtue of the statute he may assert at law in his own name, or in that of the original payee, for his benefit; and it is not necessary, that the record should show, that the suit is for the benefit of the assignee.

4. The assignor of a judgment, or the claim on which it is founded, upon which judgment was recovered, has no control over it, nor of an execution issued thereon, taken out by the assignee.

5. When a valid assignment is once made, the assignor has no further interest in the claim; and of course no subsequent assignment of the judgment, recovered on such claim, can give any right to such subsequent assignee.

6. It matters not, that the subsequent assignee had no notice of the prior assignment; for neither can have anything more by virtue of the assignment than an equitable title to the claim; and the maxim, *qui prior est tempore potior est jure* applies.

7. One of two assignees claiming the same judgment cannot plead the statute of limitations as against the other.

Appeal from, and *supersedeas* to, a decree of the circuit court of Kanawha county, rendered on the 1st day

of December, 1876, in a cause in chancery in said court then pending, in which William S. Clarke was plaintiff, and William H. Hogeman was defendant, allowed on the petition of said Clarke.

Hon. Joseph Smith, judge of the seventh judicial circuit, rendered the decree appealed from.

JOHNSON, JUDGE, furnishes the following statement of the case :

At a circuit court, held for Kanawha county, on the 24th day of November, 1875, in the chancery case of *Hyman, Moses & Co.* v. *Allen M. Smith et al.*, W. S. Clarke was granted leave to file his petition, in which he alleged, that on the 9th day of January, 1857, L. M. Wolcott, one of the firm of Wolcott & Everett, for value received assigned to William C. Williams the receipt to them, and the claim therein described, of Brown & Summers, attorneys, for a certain claim of theirs against John N. Clarkson, Anderson Rock and Allen M. Smith, one of the defendants in the suit, in which petition was filed; and the said Williams had assigned the receipt and claim to Bluford B. Burks, and said Burks to the petitioner. That at the February term, 1858, of the county court of Kanawha county; said attorneys, Brown & Summers, obtained judgment on said claim for $362.79, with interest from the 19th day of September, 1857, and $8.19 costs, in the name of Wolcott & Everett, against the said Clarkson, Rock & Smith, for the benefit of the petitioner.

That in 1861, by a letter dated May 29th, signed by Wolcott & Everett by their firm name, said firm refused to pay the costs of said judgment, stating, that they had assigned said claim, before judgment was obtained, and disclaimed any interest whatever in said judgment, or suit; that execution issued upon said judgment March 10th, 1858, and was levied on property, and a forth-coming bond taken and forfeited; that at a subsequent term of

the county court judgment was had for benefit of petitioner on said forfeited forth-coming bond, against the original defendant and W. A. McMullan for $800.00 and costs, to be discharged by the payment of $401.87, with interest, &c. Execution was issued on said judgment, and returned "no property found." Copies of the judgments, &c., in the record of the case in the county court, including the declaration, are in the record, also the receipt of Brown & Summers and assignments, and the letters of Wolcott & Everett. That Wolcott & Everett, for the benefit of petitioner, acquired a lien on all the real estate of the defendant, Smith, and that he is in equity entitled to be substituted to the place of said firm, and have the amount of said lien paid directly to him.

That there have been two interlocutory decrees rendered in said suit of *Hyman, Moses & Co.* v. *Smith et al.*; that the commissioner, to whom the case was referred to audit the liens, has done so; and that no part of said debt had been paid to petitioner, or any person, entitled thereto; that said lien was reported, by said commissioner, to be the first lien on the property of the said Smith. That on the 11th of November, 1869, there was a decree confirming said report, and ordering, that the claims, so reported, be paid in six months, otherwise said real estate should be sold to pay the same; that neither the claim of petitioner nor any other of the said claims, were paid, but the said real estate has been sold pursuant to said decree; and that there is now in the hands of special commissioners, Knight & Hogeman, as shown by their report in said cause, sufficient funds from said sale, after paying off all costs, to satisfy petitioner's claim, which is the first lien on said property.

Petitioner is informed, that W. H. Hogeman claims some interest in said judgment by virtue of an assignment, made by said Wolcott & Everett, subsequent to the assignment to petitioner; and that he has caused execution to be issued on said judgment in 1870, and has

collected thereon the sum of $94.00, which is still in the hands of said Hogeman, and belongs to petitioner.

The prayer of the petitioner is, that Hogeman and the defendants to said suit of Hyman, Moses & Co., and the said Wolcott & Everett be made defendants to the petition, and that said Hogeman may be required to pay to petitioner any money, he has collected on said judgment; and that petitioner be substituted to the lien of said Wolcott & Everett against the lands of said Smith; and for general relief.

The said Hogeman filed his answer to the said petition, in which he set up a claim to the judgments, referred to in the petition, by virtue of an assignment made to him by W. S. Laidley, attorney in fact for the firm of Wolcott & Everett. He avers, he paid a large price for said judgments. He admits, that he collected on said judgments by execution, after the assignment to him thereof, the sum of $94.00. He further says, that the records of the court do not show any assignment to the petitioner, or any intimation thereof in any way. The defendant Hogeman denies, that the assignment to the petitioner is valid, that it was not by the firm of Wolcott & Everett. He avers, he never had any notice of said pretended assignment to petitioner; that petitioner has been guilty of great *laches* in not having his interest thereon noted in the judgments themselves, which were not recorded, until such pretended assignments were made; nor was there any such notice on the execution book, or in any other way, so that knowledge of his claims and pretentions might have reached those who were interesting themselves in the judgments; that in view of this state of facts it would be unjust and oppressive, to deprive respondent of said judgments. Respondent relies on the statute of limitations, and claims, that petitioner has allowed too much time to elapse, viz, seventeen years, without in any way making known his claim, to be entitled to any relief.

To sustain his claim, the petitioner exhibits the record of the judgment in the county court, and the following letter and agreements:

"KANAWHA, C. H., Va., Oct. — 1857.

"MESSRS. WOLCOTT & EVERETT,

Gents:

"Yours of the 28th, enclosing draft drawn by J. N. Clarkson, in favor of Rock & Smith, of date August 19th, 1857, came to hand by last mail, and will meet prompt attention. In the first instance, it will be necessary for you to send us the Christian names of the partners, as well dormant, as otherwise, of your company or firm; also those of the firm of Rock & Smith. As our promptness will depend on yours in answering this, we hope to hear from you at your earliest convenience.

" Yours to command,

" BROWN & SUMMERS.

"P. S.—We have found out the names of Rock & Smith at this instant. Yours."

The above letter has the following endorsement on it:

"January 9th, 1858.

"For value received, I assign the within claim to William C. Williams, without recourse. This claim being the draft of John Clarkston, given me by Wm. Williams, as part payment towards my wharf boat of $350.00.

" M. L. WOLCOTT.

" I assign the above claim to Bluford Burks, without recourse.

" W. C. WILLIAMS.

"I assign the within claim to William S. Clarke, without recourse.

"B. B. BURKS."

The following is a letter afterwards sent to J. H. Brown by Wolcott & Everett:

GUYANDOTTE, May 29th, 1861.

" JAS. H. BROWN, ESQ.:

"SIR :—Enclosed find Clarke's claim, which is unjust

as against us, as the note sued on was not ours. We once had it in our possession, but sold it without any recourse upon us. If the party, we sold it to, sued on it, it was none of our business. We never sued on it, nor do we think our name is upon the note, or in any way connected with the transaction. Please attend to this little matter for us, and much oblige,

"Your friends,

"WOLCOTT & EVERETT."

The deposition of Jas. H. Brown was taken; and he testifies, that "after examination of the paper and the file of papers, in which the judgment was rendered, I am satisfied, the note, referred to in exhibit "B," (the letter in reference to the claim) is the same as the claim, referred to in exhibit "A," (the receipt for the claim and the assignment thereon) and the one, on which the judgment was rendered. It is the only claim, I ever recollect to have had from Wolcott & Everett, that is, I and W. S. Summers, when we were in partnership. I don't think I ever had any other after or before our said partnership."

The assignment, under which Mr. Hogeman claims the judgment, and which is exhibited with his answer, is as follows :

"For value received, we hereby release, transfer and assign to Wm. H. Hogeman all our right, title, claim and interest in and to the judgments, hereto attached, and certified by John Slack, clerk; the first of which is a judgment in our name against J. N. Clarkson, Anderson Rock and Allen M. Smith, obtained at the February quarterly term, 1858, of Kanawha county court, for $362.79, with legal interest thereon from the 19th of September, 1857, and $8.19 costs; the second also in our name against the same defendants, and Wm. A. McMullan, obtained in the same court, at the July term, 1858, on forth-coming bond for $800.00 and $3.98 costs, to be discharged by the payment of $401.87, with interest thereon from May 4th, 1858, until paid, and costs afore-

said, upon condition, that the said W. H. Hogeman pay all fees, costs and charges, incurred by us in the procurement of these judgments in the assignment thereof, and that may be incurred by him in our name in the enforcement of the same.

Witness the following signatures this, — day of April, 1870.

"WOLCOTT & EVERETT.
"by W. S. LAIDLEY, *Attorney, &c.*"

The certified copies, therein referred to, accompany the above assignment.

The following stipulations were entered into by Hogeman for himself and Brown & Brown, attorneys for petitioner Clarke, omitting the formal parts thereof.

"It is hereby stipulated and agreed, that no proof shall be required to show, that the assignment of the judgment, filed with the answer of W. H. Hogeman, was executed by W. S. Laidley, under a duly executed power of attorney, bearing date recently before the assignment made thereunder; nor that James H. Brown from about 1861 until 1869 was continuously in office, as Judge of the Circuit Court of Kanawha, or Judge of the Supreme Court of Appeals; that Wm. S. Summers ceased practicing law in 1861, and has not since resumed it; that Laidley & Hogeman were employed by Wolcott & Everett to prosecute said judgment to collection in 1868 or 1869, and that they laid said judgment before commissioner Burlew in this case; but these matters shall be taken and considered, as though proved in the case. It is further agreed and admitted, for all the purposes of this case, that the partnership of Wolcott & Everett ceased in the year 1862; that the said power of attorney to W. S. Laidley was executed in the name of Wolcott & Everett solely by Wolcott, the same party, who executed the assignment, filed with petition of W. S. Clarke, and under which he claims; and that the signature of said Wolcott to said assignment is genuine."

The second stipulation, except the formal part, signed by the same parties, is as follows :

"It is agreed, that the statement of W. S. Laidley, dated November 14, 1876, and herewith filed, shall be considered, on the hearing of the matters arising in the foregoing petition, with the same effect, as if stated in a deposition of said Laidley, duly taken and filed in this case. It is further agreed, that the following letters are in the handwriting of L. M. Wolcott, one of the late firm of Wolcott & Everett, viz : exhibit 'B,' referred to in petition of Wm. S. Clarke ; a letter addressed to Laidley & Hogeman, and signed L. M. Wolcott, and dated February 5th, 1870 ; a letter addressed to Laidley & Hogeman, and signed Wolcott, Smith & Co., and dated February 16, 1870 ; a letter, addressed to Laidley & Hogeman, and signed L. M. Wolcott, and dated April 9, 1870."

The first of said letters is inserted above.

The statement of Laidley, before referred to, is as follows : "I am satisfied, that the 'Wm. Clarke,' whose name is endorsed on the draft, on which judgment of *Wolcott & Everett* v. *Rusk & Smith* was recovered, and which is the subject of controversy now, is the same person now claiming the said judgment. From information, I have obtained from Mr. Clarke, he admitted, that he had sold the claim to Wolcott & Everett, and that they sold it to Wm. C. Williams, and Williams sold it to B. B. Burks, and Burks to Clarke. I am acquainted with all the parties mentioned, and went to school with Clarke, Williams and Everett.

The letters to Laidley and Hogeman, are as follows :

"MEMPHIS, TENN., Feb. 5, 1870.
"MESSRS. LAIDLEY, HOGEMAN & CO.
"*Kanawha C. H., W. Va.*

"GENTS :—What is the status of my case against Rock & Smith, &c., &c. ? Prosecute briskly, if there is anything at bottom. This I find is the only way to get anything out of those old matters. Give them no peace. Is your Mr. Laidley a son of John Laidley, who lived near Guy-

andotte? If so I know you. Where is Albert? Give him regards, if living. Reply and oblige.

"Yours truly,

"L. M. WOLCOTT."

"MEMPHIS, TENN., Feb. 16, 1870.

"MESSRS. LAIDLEY, HOGEMAN & Co.

"*Kanawha C. H., W. Va.*

"GENTS :—Your favors of 10th and 15th just received. If our claim is good, I can await the result as well as any one; and all we wish is, that you use your best efforts, as an attorney, to collect it for me. * * *

"Reply and oblige

"Yours Truly,

"WOLCOTT, SMITH & Co.

"What is the amount of our judgment against Rock & Smith ?"

"MEMPHIS, TENN., April 9, 1870.

"MESSRS. LAIDLEY, HOGEMAN & Co,

"*Kanawha C. H., W. Va.*

"GENTS :—Since ours of February 16th and 1st we are are without any letters from you. Anything of interest? Please write.

"Respectfully,

"L. M. WOLCOTT."

On the 1st day of December, 1876, the matters arising upon the petition were heard, and the court held, that "the petitioner, Wm. S. Clark, was not entitled to the benefit of the judgment described in the petition * * * * *; but that said judgment by valid agreement from Wolcott & Everett, is the property of the defendant, William H. Hogeman, who is entitled to collect the proceeds thereof in this suit, or otherwise, as his property. The decree dismissed the petition with costs to said Hogeman, against the petitioner. From the said decree an appeal was granted.

*J. H. & J. F. Brown,* attorneys for appellant, relied on the following authorities :

4 Leigh 333 ; 7 S. & M. 586 ; 5 Hill 163 ; 7 Hill 585 ; 5 Conn. 397 ; 2 Gratt. 237 ; 24 Pick. 261 ; 15 Mass. 482 ; 13 Mass. 305 ; 2 Gratt. 372 ; 2 Johns. 302, 304 ; 3 Johns. 528 ; 8 Barb. 590 ; 1 Campbell 282 ; 3 Kent Com. 63 ; Co. Lit. 309 ; 9 Ala. 645 ; 10 Mass. 476 ; 2 Green. (N. J. L.) 415 ; 5 Watt 529 ; 6 Blackf. 444 ; Add. (Pa.) 155 ; 4 Rand. 266 2 Kent Com. 689 ; Adams Eq. 203, n. ; Story Eq. Jur. 214, n. ; 3 W. Va. 309 ; 11 Mass. 153 ; 4 Barr 119 ; Id. 248.

*William A. Quarrier*, for appellee, cited the following authorities :

Story on Part., §102 ; Chitty on Con. (8 Am. ed.) 17 ; 1 Kings, ch. 3 ; 1 Story Eq. Jur. §529.

JOHNSON, JUDGE, delivered the opinion of the Court :

The first question presented is : Could one member of the firm assign the claim, without the consent of the other? In the absence of any express stipulation to the contrary, each partner possesses an equal and general power and authority, in behalt of the firm to transfer, pledge, exchange, apply or otherwise dispose of the partnership property and effects, for any and all purposes, within the scope and objects of the partnership, and in the course of its trade and business. Story on Part. § 101 and cases cited. This must be so from the very nature of a partnership ; for, without such power, the business of the partnership could not be carried on successfully at all. *Everett et al.* v. *Strong*, 7 Hill 585.

Did *L. M. Wolcott*, a member of the firm, assign to W.m C. Williams the claim set up in the petition? From the evidence in this case there can be no doubt, that for a valuable consideration he did assign the identical claim, that was afterwards, or perhaps before, sued upon by Brown & Summers, on which they, in the name of Wolcott & Everett, recovered judgment, and which identical judgment was afterwards,

*margin notes:* 1878 August Term. Clarke v. Hogeman.

Syllabus 1.

by the same L. M. Wolcott, assigned to the defendant, W. H. Hogeman.

The assignment was properly made by the transfer of the attorney's receipt. Judge Carr, in *Elam* v. *Keen*, 4 Leigh 333, speaking of the transfer of a bond by gift, said: "The bond itself could not be delivered, it was in court in the custody of the law. The receipt was its representative. We must presume, it described the bond accurately, and stated, it was received to be put in suit, and that when collected, the attorney would account for it, as in the case of the key, the delivery of this receipt 'was the true and effectual way of obtaining the use of the subject.' Speaking from my own experience, I should say, an attorney requires no better order for the payment of money, he has collected on a bond, than the receipt he has given for the bond; when he takes this in, with a receipt upon it for the money, he feels safe." But in this case not only was the attorney's receipt passed over to the assignee, but in the very words of the agreement, the "claim," represented by the receipt, was transferred. That it was the property of the firm is apparent from the letter of the firm, written on the 29th day of May, 1861, in which they say, "we once had it in possession, but sold it, without any recourse upon us," thus ratifying the assignment, made more than three years before, and refusing to pay clerk's fees in the suit upon the claim.

Did the assignment give the right to William C. Clarke, the petitioner, in the name of Wolcott & Evertt, the assignors, to pursue the debtors, and, in the name of said firm, to obtain judgment on said claim? There can be no doubt of it. In *Garland* v. *Richeson*, 4 Rand. 266, the Court of Appeals held, that the assignee of a bond, under our statute, does not acquire the *legal* title to the debt, but an equitable right, which, by virtue of the statute, he may assert at law in his own name, or in that of the original obligee for his benefit. Green, Judge, in the conclusion of his opinion said: "Upon authority

therefor I conclude, that an assignee, under our statute, does not acquire the legal title to the debt, but the equitable right, which, by virtue of the statute, he may assert at law in his own name; and that he has his election to sue at law in his own name under the statute, or in the name of the original obligee, for his benefit, upon the strength of the legal title remaining in the obligee." *Wallop's adm'rs* v. *Scarborough, et al.,* 5 Gratt. 1.

It follows therefore, that Clarke had a right, in the name of the said Wolcott & Everett, to recover judgment against the debtors, and to pursue all his remedies, for the collection of the claim, in the name of the said firm. *Billy Jones* v. *Witter,* 13 Mass. 304. But it is said, that Clarke did not do it; that it was done by others. By whomsoever done, it enured to the benefit of the assignee.

The assignor of a judgment, or the claim on which it is founded, and upon which judgment was recovered, has no control over it, nor of any execution on it taken out by the assignee. *State on relation &c.,* v. *Heroll,* 6 Blackf. 444. Nor has such assignor anything to do with or about the claim, after assignment.

The assignment to Williams being a valid one, transferred all the equitable right of Wolcott & Everett, or of L. M. Wolcott, in said claim to the said Williams, and the subsequent assignments transferred the equitable title to said claim to the petitioner Clarke. The assignment to Hogeman amounted to nothing, as it could not transfer the equitable title to him, there being none in the assignor. *Nemo potest plus juris ad alium transferre quam ipse habet.* It is therefore unnecessary to consider, whether the assignment to Hogeman was properly or legally made, or not.

The defendant Hogeman insists, that as he had no notice of the assignment to Clarke, he ought to be protected, claiming, under the circumstances it would be inequitable and unjust to hold, that Clarke is entitled to the judgment. There can be nothing in this position.

92

The only party entitled to notice of the assignment, and the only party, who not having notice, for that reason would be protected, is the judgment debtor. If he had paid the claim to Wolcott & Everett, after the assignment and before notice thereof, he would have been protected, and the payment would have been good. Here if both assignments were valid, the equities being equal, the oldest would hold the claim. Neither by the assignment acquired the legal, but only an equitable title; and the maxim applies, *qui prior est tempore potior est jure*. *Garland* v. *Richeson*, 4 Rand. 270, per *Green*, Judge.

The statute of limitations is set up by the defendant Hogeman as a bar to the claim of the petitioner. This is a defense that cannot avail him in this cause. The petitioner is not seeking to recover the claim from him; except as to the $94.00, he is not the debtor; and the statute of limitations is a plea, that the debtor, or the party against whom a claim is set up, can rely upon, and he only. The debtor might plead it; but he has not done so in this case, as far as the record discloses.

It is also said, that Clarke, the assignee, is the same man, who endorsed the draft, and that he was named in the declaration and summons; and the intimation is made in the argument, though not very distinctly, that for that reason he could not be an assignee of the claim. A sufficient answer is, that Clarke was not the original debtor, and could therefore be an assignee of the claim; and the fact, that he was named in the declaration and summons, cannot prejudice his right; no judgment was recovered against him, and even if there had been, as he was not the real debtor, but only collaterally bound, his right under the assignment would not thereby have been destroyed. As to the $94.00, paid to Hogeman, the record shows by the return on the execution, that this sum was collected by a sale of bank stock of the judgment debtor, Allen M. Smith, under an execution on the judgment, and was paid to *Laidley & Hogeman*, the attorneys for the plaintiffs, Wolcott & Everett, on the 15th day of April

1870. The assignment to Hogeman was in April, 1870, the day is blank; but it is probable that Laidley & Hogeman received the $94.00, as attorneys for the plaintiffs, Wolcott & Everett, *before* the said assignment, as a letter from Wolcott to them, enquiring about the claim, is dated on the 9th of April, 1870, at Memphis, Tenn. I do not think it proper here to make any decision as to that payment; leaving the parties, as to that, to their legal rights, whatever they may be.

For the foregoing reasons, the decree, rendered in this cause on the 1st day of December, 1876, is reversed, with costs to the appellant, Wm. S. Clarke against the appellee, W. H. Hogeman; and this court proceeding to render such decree, as the circuit court should have rendered, it is adjudged and ordered, that the petitioner, Wm. S. Clarke, by virtue of the assignment of Wolcott & Everett to him of the claim against Clarkson, and Rock and Smith, upon which judgments were recovered against the said parties, and subsequently another judgment against the said parties and W. A. McMullan on a forthcoming bond, is entitled to be substituted to all the rights of said Wolcott & Everett to said claim, and said judgments, and to the lien in their favor, reported by Abram Burlew, as set out in the petition; and that said petitioner, W. S. Clarke, recover against the said W. H. Hogeman, his costs about the prosecution of his suit upon said petition expended; and this cause is remanded to the circuit court of Kanawha county, to be further proceeded in, according to the principles, herein declared, and further according to the rules governing courts of equity.

THE OTHER JUDGES CONCURRED.

DECREE REVERSED. CAUSE REMANDED.