E. J. COX v. J. M. PALMER, ADMINISTRATOR.

1. ASSIGNMENT. *Condition in deed. Power of trustee. Unauthorized sale.*
   Where a deed of assignment for the benefit of the creditors of the assignor requires the trustee named in the deed to convert into money, "by a sale for ready money," all the goods, chattels, and choses in action assigned, the trustee has no power to sell the same on a credit, and such sale confers no title on the purchaser.

2. JUDGMENT. *Purchaser thereof. Caveat emptor.*
   The rule of *caveat emptor* applies to the purchaser of a judgment as well as to the purchasers of other classes of personal property.

3. GARNISHMENT. *Right of garnishee to contest assignment of judgment. Practice. Pleading.*
   One who has been garnished under a writ issued upon a judgment at law, may make the defence that the party at whose instance he has been summoned, and who claims to be assignee of the judgment, has no title to the judgment ;

and he may do this by a motion to dismiss the garnishment on the ground that "the attorney who caused the writ to be issued is not the attorney of the plaintiff in the judgment," though the better practice is for the garnishee to plead that the garnishment proceedings are being conducted on behalf of a person not the owner of the judgment.

Appeal from the Circuit Court of Rankin County.

Hon. A. G. Mayers, Judge.

A statement of the case will be found in the opinion of the court.

*Buchanan & Miller*, for the appellant.

The evidence shows that the assets assigned by Dobson & Co. were sold by the assignee for their full value. They were, according to the estimate of the assignee, not worth more than twenty per cent of the indebtedness of the firm, and were sold for thirty per cent of that indebtedness. This amount, thirty per cent, was actually paid by Cox & Jayne, with money obtained for them by Mrs. Cox, giving a deed of trust on her property, and afterwards paying the amount to Richardson & May, from whom the money was borrowed. They were disposed of to the best advantage, and we may say, for ready money, for the money was actually paid, the property delivered, and afterwards sold and delivered, by Cox & Jayne, to E. Richardson, an innocent party, purchasing in good faith. After having this property in his possession for two years, collecting and disposing of the same to different parties, Richardson makes a sale of all that part remaining undisposed of, including the judgment against John I. Palmer, to the plaintiff in error, another innocent purchaser. We think that Mrs. Cox has a perfect title to the judgment by all the rules governing the sale of personal property. But the title to the judgment could not be tried under the motion in this case. The only question raised by the motion was, whether or not the attorneys who suggested the garnishment were the attorneys of the plaintiff, and if this was disputed the proper course would have been to require the attorneys to show their

authority, and not attempt, by a motion of this kind, to settle the validity of half a dozen transfers of personal property.

*L. Brame*, on the same side.

Mrs. Cox's title to the judgment was not involved on the motion to dismiss the garnishment, and she was not called upon to adduce any evidence in support of it. As a matter of pleading and practice this proceeding is a rare specimen. For the error in summarily dismissing the suit on this motion, I presume the court will not hesitate to reverse the judgment. But there are other substantial grounds upon which the judgment on its merits must be reversed. The assignee was required to give bond for the faithful discharge of his duties. If he was about to dispose of the assets improperly, he could have been enjoined by the creditors for whose benefit the assignment was made. This being personal property, after its sale by the assignee, and after it had passed through several hands, it is too late for the creditors, or anybody else, to set up that it was irregularly sold by the assignee. If the creditors are prejudiced by the action of the assignee, they have a right of action against him and his bond. Mrs. Cox paid her money for the judgment, and is a *bona fide* holder. If she were not so in fact, she would be protected by the good faith of E. Richardson, or any of the intermediate parties who took without notice.

*L. Brame*, made an oral argument also.

*McLaurin & McLaurin*, for the appellee.

If Mrs. Cox's chain of title is sound in every link she has title to the judgment of Dobson & Co. against John I. Palmer; but if there is any link broken for want of power in the grantor to convey, she has no case. A payment to her by Palmer would not discharge him, and he must, therefore, resist payment to her of what she has no right to demand. 26 Miss. 425. The deed of assignment to J. R. Enochs contained the law by which he was to be governed in the management and disposition of the assets, and any contract, or disposition of the assets, made by him, not authorized by the deed of assign-

ment, was without the pale of the law governing him, and was invalid for the want of authority to execute it. In this deed of assignment it is " conditioned " that the assets are to be disposed of " for ready money." This is the law of the case then ; that the assets are to be disposed of " for ready money ;" and because this law — the deed of assignment — has prescribed the condition of the disposition of the assets, it is exclusive of all others. *Expressio unius est exclusio alterius.* Is it allowable to strike out these words, " for ready money? " The second and third rules for construing deeds, given by Blackstone, answer this question in the negative. The second rule says : "*Quoties in verbis nulla est ambiguatas, ibi nulla expositio contra verda fienda est.*" The third rule is, that every part of it be (if possible) made to take effect ; and no word but what may operate in some shape or other : "*Nam verba debent intelligi cum effectu, ut res magis valeat quam pereat.*" 2 Bla. Com. 379, 380. It is plain, then, what was the authority of the assignee. Did he act within the scope of his authority to dispose of the goods, wares, etc., " for ready money," and collect the " available " debts? We think he did not. The assignee conveyed to Cox & Jayne, two of the partners, not " for ready money," but for an " agreement " on their part " to pay or arrange with each and all of said creditors of said firm thirty per cent." Cox & Jayne derived no title, because whatever could be said of the delivery of possession of the goods, they could not deliver the judgment. *Parker* v. *Bacon*, 26 Miss. 425. Cox & Jayne, having no title to the judgment themselves, could convey none. " Who has not title, cannot confer it." *Ketchum & Cummings* v. *Brennan*, 53 Miss. 607. The statute, Code 1880, sect. 1783, requires that the suggestion of garnishment should be made by the plaintiff, or his attorney, not by the attorney of some one who has no title to the judgment.

*R. S. McLaurin*, of counsel for the appellee, argued the case orally.

Cooper, J., delivered the opinion of the court.

In the year 1878 Dobson & Co., a commercial firm, doing business in the county of Rankin, executed a deed of assignment for the benefit of their creditors to one Enochs, as trustee. The deed conveyed all the goods and chattels and choses in action of the firm, which were to be converted into money by the trustee "*by a sale for ready money*," and the proceeds were to be distributed among the creditors *pro rata.* At this time there was pending in the Circuit Court of Rankin County a suit in favor of Dobson & Co. against one John I. Palmer, in which a judgment was rendered in November of that year. In April, 1878, Enochs, the trustee, with the assent of a portion only of the creditors of Dobson & Co., sold and assigned to two of the members of the former firm of Dobson & Co. all the assets which had been assigned to him by said firm, in consideration of their agreement thereafter to pay to the creditors of said firm thirty per cent of their demands. The purchasers from the assignee went into possession of the property, and then offered the thirty per cent to the creditors on condition that they would give a release of the balance of their debts to said firm. This proposition was accepted by some of the creditors, and to those the thirty per cent was paid. Others declined the offer, and they received nothing. The conveyance from the trustee to the purchasers from him was by a written instrument and afterwards by successive transfers, all of which were in writing. The property passed to the appellant, Mrs. Cox.

In May, 1882, Messrs. Buchanan & Miller, attorneys at law, suggested that the appellee was indebted to the defendant in said judgment, and a writ was served upon him to appear and answer as garnishee. At the return term the garnishee moved to dismiss the garnishment, because the attorneys who had caused the writ to be issued, were not the attorneys of the plaintiff in the judgment. On this motion evidence was introduced to show that the proceeding was being prosecuted for the benefit of Mrs. Cox, and all the trans-

fers under which she derived title were introduced for the purpose of proving that she was not the owner of the judgment; and the court sustained the motion. While it would have been more in conformity with the rules of practice for the garnishee to have pleaded that the proceedings to collect the judgment were being conducted by Mrs. Cox, and that she was not the owner of the judgment, yet, as under the motion the parties really tried her right to the judgment, the same result has been reached as would have been under more formal pleading.

The question then is, has Mrs. Cox by the transfers acquired property in the judgment against Palmer in favor of Dobson & Co.?

The title which the trustee took was held by him only on the terms and for the purposes declared in the deed. He held the legal title, but the equitable interest in the property was in the creditors of the assignors first, and subject to their prior right in the assignors themselves. The deed of assignment transferred the title, but it also imposed limitations and restrictions upon the trustee and provided the manner and conditions upon which the powers conferred should be exercised. He was not absolute owner, having the right to deal with the property at his will, but was owner for the purposes, and subject to the will, of the assignors, as expressed in the deed under which his title was acquired. He was authorized to sell the assigned property for no other consideration than ready cash. A sale on credit was beyond his power, because not authorized by the deed, and an unauthorized sale could not confer title on the purchaser.

The rule of *caveat emptor* applies to the purchaser of a judgment as well as to those of other classes of personal property. The purchasers from the trustee obtained no title to the judgment in this case, and having no title could convey none to their assignee. *Mitchell* v. *Hockett*, 25 Cal. 539; *Clarke* v. *Hogeman*, 13 W. Va. 718.

It is unnecessary to decide whether the garnishee would

have been protected by a judgment rendered on his answer, admitting such indebtedness, since the question involved is not whether he must, but whether he may defend, by showing want of interest in the person at whose suggestion he has been called to respond.  It must be true that the defendant himself would not be protected by payment made to one who claimed to be, but was not, the assignee of the judgment.  As to the fact of indebtedness from the defendant to the persons in whose favor the judgment was rendered, both he and the garnishee are concluded, because that matter has been adjudicated between the parties to the judgment, but the fact of the assignment is something which has occurred since the rendition of the judgment.  Its effect and validity is now for the first time put in issue, and neither the defendant nor the garnishee are precluded from showing that the pretended assignee of the judgment in fact has no title to it, but is a mere interloper in the suit.

The judgment is affirmed.