## In re BRASELTON.

(District Court, N. D. Georgia, E. D. May 11, 1909.)

1. SALES (§ 474*)—CONDITIONAL SALES—CREDITORS OF BUYER.

Civ. Code Ga. 1895, § 2776, declares that, if personal property is conditionally sold, the sale to be enforceable against third parties shall be executed in writing as chattel mortgages, and section 2777 provides that such sales must be recorded within 30 days from date, and in other respects shall be governed by the laws regulating chattel mortgage registration. *Held* that, where a written reservation of title is not properly executed and recorded, the reservation, while good between the parties and as against general creditors and creditors with liens antedating the sale, it is subject to liens obtained or debts arising from credit given in good faith by reason of the buyer's apparent ownership of the property.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1391–1402; Dec. Dig. § 474.*

What constitutes a contract of conditional sale, see note to Dunlop v. Mercer, 86 C. C. A. 448.]

2. BANKRUPTCY (§ 228*)—FINDINGS OF REFEREE—REVIEW.

Findings of fact by a referee in bankruptcy are not to be disturbed unless clearly erroneous.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 228.*]

3. BANKRUPTCY (§ 310*)—PREFERRED CLAIMS—LIENS—CONDITIONAL SALES.

Where a conditional sale of property to a bankrupt was not valid as against subsequent creditors whose claims were contracted on the faith

of the bankrupt's ownership of the property conditionally sold, because of the conditional vendor's failure to record the reservation of title as required by the state law, and the referee found as a fact that such omission operated to defraud such subsequent creditors, the vendor was not entitled to the allowance of his claim as a secured claim, but was required to share equally with general creditors.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 501–507; Dec. Dig. § 310.*]

In Bankruptcy. Review of action of referee.

A. S. Richardson and W. L. Hodges, for D. C. Alford.
A. A. McCurry, for trustee.

NEWMAN, District Judge. This matter coming before the court on an application to review the action of the referee on the claim of D. C. Alford that he is entitled to a preference over general creditors of the bankrupt because of a reservation of title to a certain stock of goods sold by him to E. K. Braselton, the bankrupt. The case makes necessary the application of the statutes of Georgia with reference to conditional sales or sales with reservation of title by the seller, and as to its effect against third parties.

In the case In re Atlanta News Publishing Company (D. C.) 160 Fed. 519–522, this court had occasion to pass upon the proper construction of the sections of the Code of Georgia on this subject. Section 2776 of the Civil Code of Georgia is as follows:

"Whenever personal property is sold and delivered with the condition fixed to the sale, that the title thereto is to remain in the vendor of such personal property until the purchase price thereof shall have been paid, every such conditional sale, in order for the reservation of title to be valid as against third parties, shall be evidenced in writing, and not otherwise. And the written contract of every such conditional sale shall be executed and attested in the same manner as mortgages on personal property; as between the parties themselves, the contract as made by them shall be valid and may be enforced whether evidenced in writing or not."

Section 2777 of the Civil Code of Georgia is as follows:

"Conditional bills of sale must be recorded within thirty days from their date, and in other respects shall be governed by the laws relating to registration of mortgages."

In construing these sections in the case of the Atlanta News Publishing Company, this is said:

"The meaning of section 2776 as applicable to the facts in this case as construed by the Supreme Court of the state is this: (1) Where there is a mere oral reservation of title and no writing whatever on the subject, the title will be so fixed in the vendee that the rights of third parties obtaining judgments or liens antedating the sale may be enforced against the vendor's claim of title. (2) Where the contract reserving title in the vendor is in writing, although not properly executed and recorded as required by the statute, the reservation is good as between the parties, and as to general creditors, and also as to creditors with liens antedating the conditional sale; and is only subject to such liens as are obtained, or debts arising from credit given in good faith by reason of the property being in the possession of the vendee with apparent ownership and without notice of title elsewhere."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes
169 F.—61

The referee's certificate of the proceeding before him states the case as follows:

"I, Frank L. Upson, one of the referees of said court in bankruptcy, do hereby certify that, in the course of the proceedings in said cause before me, the following questions arose pertinent to said proceedings:

"Question: Whether or not the claim of D. C. Alford should be allowed as a secured claim because of a written instrument entered into between him and the bankrupt, partaking of the nature both of a retention of title and a chattel mortgage, which had been withheld from record since its date, January 27, A. D. 1908, to August 1, A. D. 1908; the adjudication having been had on a petition filed August 21, A. D. 1908. Objections to the allowance of this claim as a secured claim being made by R. R. Webb, trustee.

"A hearing on this issue was had before me on the 9th day of February, A. D. 1909. At said hearing counsel for trustee introduced the record of the bankruptcy matter as of file, designating specially all of the proven claims which showed sales subsequent to the giving of the alleged security and also affidavits of a number of creditors who set forth that they had extended credit on the faith of the bankrupt's apparent ownership of the stock of goods; the affidavits being received as evidence by the consent of the counsel for D. C. Alford, the creditor. A list of the sales, as shown by these proven claims, is hereto attached, marked Exhibit F and embodied as a part of my findings, together with the affidavits. E. K. Braselton was sworn and examined, a summary of his evidence is hereto attached, having been agreed on by counsel.

### "Findings of Fact.

"I find that this retention of title note and the chattel mortgage clause thereon was withheld from the record by D. C. Alford from the date it was given, to wit, 27th day of January A. D. 1908, until 1st day of August, A. D. 1908, and that D. C. Alford told the bankrupt, E. K. Braselton, that the notes would not be recorded, as they were just as good whether recorded or not. Amount of fund in controversy is some $378.25.

"I find that it has been proved that some $799.76 of goods were sold to said E. K. Braselton by creditors whose claims have been proved, and that these goods were sold, without knowledge of the lien claimed by D. C. Alford, and that by reason of the withholding of this instrument from the record that a commercial credit standing had gone out to the trade on which credit these goods were sold.

"I find as a matter of fact that this withholding of this instrument was with the intent not to impair E. K. Braselton's credit by putting same on record, and that a legal fraud was worked on those creditors who sold by reason of his commercial rating obtained by reason of the nonrecording of this instrument which will now estop the said D. C. Alford from setting up this claim as superior to their claim and that of their trustee.

### "Findings of Law.

"As ruled by your honor in the recent case of the Atlanta News Publishing Co. (D. C.) 20 Am. Bankr. Rep. 193, 160 Fed. 519, this retention of title and chattel mortgage is good as between the parties, but is 'subject to debts arising from credit given in good faith by reason of the vendee's apparent ownership from his possession of the property' (second headnote).

"On the facts of this case there is a strong similarity with the recent case of In re Hickerson (D. C.) 20 Am. Bankr. Rep. 686, 162 Fed. 345, in which case the recent rulings of the Supreme Court (Thompson v. Fairbanks, 196 U. S. 516, 25 Sup. Ct. 306, 49 L. Ed. 577; York Mfg. Co. v. Cassell, 201 U. S. 344, 26 Sup. Ct. 481, 50 L. Ed. 782; First Nat. Bank v. Staake, 202 U. S. 141, 26 Sup. Ct. 580, 50 L. Ed. 967) and the leading District and Circuit Court of Appeals decisions on the point are discussed and relied on to support the court's decision that the fact that the mortgage was withheld from the record, although both the bank and the mortgagee testified that it was in 'good faith,' that it was 'deliberate, and that it had the effect of getting extensions and additional credits for the bankrupt,' and by order the claim was disallowed as a secured claim, and only to be allowed as an unsecured claim.

"It is my conclusion of law that D. C. Alford cannot prove his claim as a secured claim over the claims of the creditors who sold subsequent to the date of the instrument, and that the trustee is subrogated to the rights of these creditors and can successfully maintain an objection in this court of bankruptcy to the allowance of this claim as a secured claim.

"An order was therefore made disallowing said claim as a secured claim, and allowing same claim only as an unsecured claim."

It is well understood that the findings of referees in bankruptcy upon questions of fact are not to be disturbed unless clearly erroneous. The evidence in the case is very brief. It shows that on January 27, 1908, D. C. Alford sold to E. K. Braselton, the bankrupt, a stock of goods described as "one American soda fount and fixtures, and also stock of drugs as per invoice." The invoice shows the items embraced in the sale amounting to $999.40. Braselton gave D. C. Alford four promissory notes, three for $250 each, and one for $249.40, payable at intervals. After reciting that they were given for the purchase money of the soda fount and fixtures and the stock of drugs, the notes contained this provision:

"Should we, or either of us, fail to pay this debt at maturity, the said D. C. Alford, or their assigns, may at their option take possession of said property without process of law and sell the same at public outcry at the courthouse door in Hartwell, Ga., after five days' notice published at said courthouse door, and apply the proceeds of said sale to this note after paying all costs. And in case of a deficit after said application is made, we, or either of us, are bound therefor. In case there is a surplus of the proceeds of said sale after said application is made, the same is to be paid to either of us. To better secure this debt, I hereby sell and convey to said D. C. Alford the following property, which is my own and unincumbered, to wit: Any goods I may have in my possession not on consignment that may accumulate from time to time in the run of my business."

This sale having been made and these papers executed on January 27, 1908, the notes containing this reservation in the seller were not recorded until August 1, 1908.

On August 21, 1908, an involuntary petition in bankruptcy was filed against E. K. Braselton, and he was adjudicated a bankrupt on the 1st day of September, 1908. Between the time of the sale by D. C. Alford to E. K. Braselton and the filing of the petition in bankruptcy, Braselton bought from different creditors, as will be seen in the finding of the referee, several hundred dollars worth of merchandise. The referee finds that:

"These goods were sold without knowledge of the lien claimed by D. C. Alford and that by reason of the withholding of this instrument from the record, a commercial credit standing had gone out to the trade on which credit these goods were sold."

The referee further finds that:

"As a matter of fact that this withholding of this instrument was with the intent not to impair E. K. Braselton's credit by putting same on record, and that a legal fraud was worked on those creditors who sold by reason of his commercial rating obtained by reason of the nonrecording of this instrument which will now estop the said D. C. Alford from setting up this claim as superior to their claim and that of their trustee."

The referee had the witnesses and parties before him and had a good opportunity for judging the bona fides of this failure of Alford

to record, and its effect upon the other creditors. I do not think the court would be justified in disturbing his finding to the effect that D. C. Alford should only be allowed to prove his claim as an unsecured claim and share equally with the general creditors.

The referee's finding is approved.