### In re MUSGRAVE.
### No. 3468–C.

District Court, N. D. West Virginia.
April 25, 1939.

Louis D. Meisel, of Fairmont, W. Va., for trustee.

Harry Shaw, of Fairmont, W. Va., for claimant and petitioner C. M. Williamson.

HARRY E. WATKINS, District Judge.

Claimant, C. M. Williamson, filed a preferred claim for wages in the amount of $3,285.09. The trustee objected to the claim, whereupon the objections were tried before the referee who denied the claim because of insufficient evidence. The claimant filed a petition to review the referee's order, alleging error in general terms.

Chapter 39(c) of the Bankruptcy Act of 1938, 11 U.S.C.A. § 67(c), and former General Order XXVII, 11 U.S. C.A. following section 53, require that the petition for review set out the error complained of. Here the petition for review alleges error in general terms only, viz: that the claim was disallowed. This is not sufficient to satisfy the requirements. The court should not be compelled to search the record for error. Where the assignment of error is that a particular finding is not supported by evidence without showing how it fails to support the finding, the assignment is insufficient. Virginia Ry. Co. v. Chambers, 4 Cir., 46 F.2d 20; in the Matter of Florsheim, bankrupt, D.C., 24 F.Supp. 991. While the court may decline to pass upon points not specifically designated, it is apparent from this record that this assignment of error is based upon the insufficiency of the evidence, and in the interest of expeditious justice the sufficiency of the evidence will now be considered.

In May, 1933, bankrupt purchased an undertaking business from Springer Brothers. Claimant, then employed as an undertaker by the latter, continued to work for the bankrupt after the purchase. Whether or not the claim should be allowed depends on the terms of employment as to compensation. Claimant takes the position that he was employed by the bankrupt at the rate of $150 per month, and in addition thereto was to have free rent, water, light and gas in an apartment occupied by him and his family at the place of business. The trustee and the bankrupt contend that he was employed upon a case basis of $5 to $20, depending upon the type of body handled, plus free rent and utilities. Upon the former basis the bankrupt is indebted to him for the amount claimed. Upon the latter basis he has been overpaid to the extent of $1,064.03. The referee held that the evidence was insufficient to sustain the claim upon either an express contract or a quantum meruit basis.

Claimant continued in the employment of the bankrupt until the date of bankruptcy, a period of more than five years. During all this time he made no complaint or demand for the large amount of accumulated salary, or any part thereof. Bankrupt says that he had no knowledge of any claim for back salary until about the time of bankruptcy. Claimant attempts to explain this by saying that he understood that he was to become a partner, and was letting the salary due him accumulate to pay for a half interest in the business. It is significant, however, that the claimant, himself, does not contend that any price had ever been agreed upon. Bankrupt denies any partnership or any such agreement. At the time bankrupt purchased the business, and for a year prior thereto, claimant admits that he was employed by Springer Brothers upon the exact case basis of compensation claimed by the bankrupt, but contends that a new verbal agreement for salary at the rate of $150 per month was made by the bankrupt at the time of his purchase. Claimant and his wife, the only witnesses to the alleged verbal agreement, are not in accord in their testimony. Claimant testified that bankrupt at that time said that he figured on continuing the employment "on the same terms", to which, claimant says, he objected. The wife testified that nothing was said in that conversation by either her husband or the bankrupt about her husband continuing to work on the same

terms. The meager records kept by both parties are virtually in accord as to dates and amounts of payment. The evidence shows that after bankrupt took over the business, payments were made to claimant from time to time, generally in denominations of five, ten and twenty dollars, and other small amounts. At no one time did the bankrupt ever pay claimant the exact sum of $150. There were only two months during the five-year period when the payments totaled $150, the monthly salary claimed.

Under the agreement, as claimed by the trustee, the claimant has been overpaid $1,064.03. Bankrupt attempts to explain the overpayments by saying that the number of cases coming in were not numerous enough to make claimant a decent living, and that he made additional payments in the nature of gifts, as he was able to do so. According to the evidence the free rent and utilities were worth $50 per month. The referee has made certain specific findings of fact. He finds that no contract was made in any manner for the payment of $150 per month as claimed by the claimant. He further finds that the claimant has been paid at the rate of $147.50 per month and that in view of the relatively small volume of business done, this amount is a reasonable compensation for the services of the claimant on a quantum meruit basis. The referee says "after hearing and seeing the witnesses and considering the testimony offered, together with the exhibits filed with the testimony, and after considering the argument of counsel, the referee came to the definite conclusion that the claimant had not carried the burden of proof resting upon him in this instance". When the findings of a referee are based upon conflicting evidence involving questions of credibility, and the referee has heard the witnesses and observed their demeanor, great weight attaches to his conclusions, and the weight of authority is, that the district judge, while scutinizing with care his conclusions upon a review, should not disturb his findings unless they are manifestly unsupported by the evidence. In re Lawrence, 2 Cir., 134 F. 843. The findings of fact of a referee in bankruptcy upon questions of fact are not to be disturbed unless clearly erroneous. In re Braselton, D.C., 169 F. 960. The courts have so held from time immemorial in countless cases, and there is no case to the contrary. Remington on Bankruptcy, Sec. 3669.

Here there is a sharp conflict in the testimony. The court must believe either the claimant and his wife, or the bankrupt, and find the facts. This particular duty has been entrusted to the referee, who has had the inestimable advantage of hearing and seeing the witnesses, and observing of their manner and demeanor. After reading the entire record, I have found it impossible to conclude that the referee was clearly wrong in any of his findings of fact or conclusions of law. Believing that there is substantial evidence to sustain his findings, such findings are adopted as the findings of this court, the petition for review is denied, and the order of the referee is affirmed.

Affirmed.