## NATIONAL LABOR RELATIONS BOARD
### v. ARCADE–SUNSHINE CO., Inc.

### No. 7598.

United States Court of Appeals for the
District of Columbia.

Decided Oct. 23, 1941.

For petitioner—National Labor Relations Board:

Robert B. Watts and Leslie Clifford, both of Washington, D. C., pro hac vice, by special lease of Court, for the National Labor Relations Board.

Edmund M. Toland and Alvin L. Newmyer, both of Washington, D. C., for respondent.

Before GRONER, Chief Justice, and VINSON and EDGERTON, Associate Justices.

PER CURIAM.

This is a petition for an order to adjudge respondent, Arcade-Sunshine Co., Inc., and a number of its officers and agents in contempt of this court for violations of its decree entered December 9, 1940, 118 F.2d 49. The decree affirmed an order of the Labor Board, requiring the corporation, its officers, agents, successors and assigns, (a) to reinstate one William Jones in his former position; (b) to cease and desist from discouraging membership in Laundry Workers, Cleaners and Dyers Union or any other labor organization of its employees by discharging or refusing to reinstate any employee or discriminating against him in regard to hire or tenure or terms of employment; and (c) to cease and desist from interfering with, restraining, or coercing employees in the exercise of their right of self-organization and their right to bargain collectively. The order required the corporation to post notices that it would not engage in conduct from which it was ordered to cease and desist.

The Board's petition charges that the corporation and certain of its named officers and agents have disobeyed and resisted the decree and have discharged certain named employees because of union activities and affiliation, and granted wage increases to other employees to the end of

discouraging membership in the union; warned employees against joining the union and threatened them with dismissal; informed employees that the company would go out of business before it would recognize the union; disparaged the union and union members; accused union members of disloyalty; imposed new restrictions on union members; threatened to replace workers by machines and colored workers with white workers, if the former ·joined the union; promised night employees day work if they would not join the union; urged employees not to attend union meetings; coerced employees into signing a petition indicating opposition to the union; questioned employees about union membership, attendance at meetings, and other union affairs; warned employees that they had knowledge of meetings and attendance thereat; engaged in espionage for the purpose of interfering with the right of organization; sought to set up and recognize an employees' union for the purpose of discouraging membership in a national union and the exercise by its employees of rights guaranteed by Section 7 of the National Labor Relations Act, 29 U.S.C.A. § 157; and encouraged individual workers on strike to abandon the union and return to work, and promised them wage increases for doing so, and a bonus for persuading others to do so. All of these alleged acts are so related in their general nature to those enjoined in our decree as to make evidence in relation to them relevant on this inquiry.

The Board specifically charged that William Jones was not re-employed in substantially equivalent employment as required by the order and our decree, or the company notices posted within the time required.

Respondent Arcade-Sunshine Co., Inc., answered and moved to dismiss on the principal ground that the petition was executed by members of the Board upon information and belief, unsupported by affidavits substantiating the allegations contained therein, and also because the charges were vague, indefinite, and uncertain. The corporation and the individual defendants, in addition, filed an answer supported by numerous affidavits, denying in toto all of the allegations contained in the Board's petition, and the Board in turn has filed a motion to strike the answer as to paragraphs 15 to and including 23.

First. Ordinarily in initiating a proceeding for contempt not committed in the court's presence, it may be good practice to file with the petition an affidavit, or affidavits, stating the facts in such a way as prima facie to show the commission of a contempt. Sona v. Aluminum Castings Co., 6 Cir., 214. F. 936. On the other hand, there is in the statute no affirmative requirement of an affidavit showing personal knowledge of the facts alleged. Cf. In re Fletcher, 71 App.D.C. 108, 107 F.2d 666. The present proceeding was begun by the National Labor Relations Board in its official capacity, and the petition was verified by the Board on information and belief. In the circumstances, we think this sufficient. It has been held that a petition for a constructive criminal contempt filed by a United States Attorney is sufficient though verified only on information and belief. Creekmore v. United States, 8 Cir., 237 F. 743, L.R.A.1917C, 845. There is no reason for a different rule in cases instituted by the Board in the discharge of its duty to enforce the labor statute.

Second. We think respondents' motion to strike the petition as a whole, because of vagueness and uncertainty, should be overruled. The petition sets out the charges against respondents with sufficient particularity to enable them to properly make their defense. No more than this is required. Schwartz v. United States, 4 Cir., 217 F. 866; Fanning v. United States, 4 Cir., 72 F.2d 929. We are of opinion, however, that paragraph 10 of the petition extends beyond the terms of the order, and should go out.

We are likewise of opinion that paragraph 12, which charges failure to post the notices within the time required by the order, is sufficiently explained by matters in connection with appeals and petitions for certiorari, as to which we take judicial notice.

Third. We think the Board's motion to strike paragraphs 16 to 23, inclusive, of the answer should be granted. Most of the paragraphs relate to alleged illegal acts on the part of the union and various members of the union. Some attack the motives of the Board. Several are merely repetitious. Respondents' defense here is an absolute denial of the violation of our decree, and violation of the decree is the vital issue to be determined on the evi-

dence. If it should later be found that respondents, either the corporate respondent or its officers or agents, are in contempt, the question of extenuation, if urged, will then be a matter properly for our consideration, but until that time the question here should be confined to the issue whether respondents or any of them have wilfully violated this court's decree on the Board's order requiring certain specified things to be done and certain other things not to be done. In the interest of reasonable speed in the determination of that issue, we shall send the case to a master to hear relevant evidence and report it to the court with his findings of facts and conclusions of law.

Motion to dismiss denied.