**8**

### NATIONAL LABOR RELATIONS BOARD v. ARCADE-SUNSHINE CO., Inc.

#### No. 7598.

United States Court of Appeals for the District of Columbia.

Argued Sept. 15, 1942.

Decided Oct. 19, 1942.

Mr. Leslie Clifford, pro hac vice, with whom Messrs. Robert B. Watts, Ernest A. Gross, Gerhard P. Van Arkel, and A. Norman Somers, all of Washington, D. C., on the brief, for petitioner.

Mr. Alvin L. Newmyer, of Washington, D. C., for respondent.

Before GRONER, C. J., and VINSON and EDGERTON, JJ.

PER CURIAM.

This court decreed the enforcement of an order of petitioner, National Labor Relations Board, against respondent, Arcade-Sunshine Company, Inc., and its officers, agents, successors, and assigns.[1] The Board afterwards filed a petition for an order to adjudge respondent Company, and a number of its officers and agents, in contempt for violations of our decree.[2] We issued an order requiring respondents to show cause why they should not be held in contempt. We also referred the case to Charles F. Wilson, Esq., as Special Master, to hear evidence, and to report it to the court together with his findings of fact and conclusions of law.

The master held hearings. On July 1, 1942, he reported specific and general findings to the effect that neither respondent Company nor any of the individual respondents had wilfully violated the court's decree. He recommended, accordingly, that none of respondents should be adjudged in contempt, and that the order to show cause should be dismissed as to all of them. His report is in due form. The accompanying transcript of evidence comprises over 2,000 pages. Respondents have moved to confirm the master's report, and petitioner has moved to set it aside.

The evidence on all essential points was in direct conflict. The master, who saw and heard the witnesses, is in a better position than we to weigh the evidence and decide the conflicts. A court does not set aside a master's report simply because it might have reached a different conclusion. A master's findings are not to be set aside unless the court is of the opinion that they are clearly erroneous. A majority of the court are not of that opinion here. It would serve no useful purpose to set forth the evidence, and the several views of the members of the court with respect to its credibility and its sufficiency to support the master's findings. The master's report will be confirmed, the order to show cause discharged, and the Board's petition denied.

---

[1] National Labor Relations Board v. Arcade-Sunshine Co., Inc., 73 App.D.C. 128, 118 F.2d 49.

[2] National Labor Relations Board v. Arcade-Sunshine Co., Inc., 74 App.D.C. 361, 122 F.2d 964.