## POLISH NATIONAL ALLIANCE OF THE UNITED STATES OF NORTH AMERICA v. NATIONAL LABOR RELATIONS BOARD.

### No. 8090.

Circuit Court of Appeals, Seventh Circuit.

Nov. 7, 1946.

SPARKS, Circuit Judge, dissenting.

———◆———

Stephen Love, of Chicago, Ill., for petitioner.

A. Norman Somers, Asst. Gen. Counsel, N.L.R.B., of Washington, D. C., and Josef L. Hektoen and Robert T. Drake, N.L.R.B., both of Chicago, Ill., for respondent.

Before SPARKS and MAJOR, Circuit Judges, and HOLLY, District Judge.

MAJOR, Circuit Judge.

Upon petition of the National Labor Relations Board, this court issued an order upon the Polish National Alliance of the United States of North America and certain of its officers and agents to show cause why they should not be held in contempt for failure to comply with a decree of this court entered June 22, 1943, pursuant to an opinion rendered June 5, 1943. Polish National Alliance of the United States v. N.L.R.B., 7 Cir., 136 F.2d 175, affirmed 322 U.S. 643, 64 S.Ct. 1196, 88 L.Ed. 1509. Thereafter, the Board and Alliance disposed of all the issues in controversy by stipulation except those involving three employees. By order of June 1, 1946, we appointed a Special Master "to take proof and report to the court his findings of fact on the issues of the claimed inadequacy of the offers of reinstatement made to Henry Ziolkowski and Walter Andrzejewski * * * and the claimed inadequacy of the reinstatement given to Walter Cichowicz and his alleged discriminatory discharge * * * and of the .* * * losses of pay claimed to have been sustained * * *." Pursuant to the order of reference, the Master held hearings and on August 10, 1946 filed his report, together with a request for fees and expenses. The case is now before us upon exceptions taken to the Master's report by the Alliance and upon the Board's motion to confirm.

The Master found that the Alliance had failed to offer to both Andrzejewski and Ziolkowski positions substantially equivalent to those they occupied when they went out on strike; the Master further found the Cichowicz was adequately reinstated and was discharged for cause not because of union affiliation or activity. The amount, if anything, due and owing to these men whose status is in controversy was disposed of by stipulation of the parties after the hearing before the Master had started. They stipulated that Andrzejewski is entitled to nothing, Ziolkowski is entitled to $700, in event their offers of re-

instatement were found to be inadequate. The amount stipulated to be due and owing Cichowicz is immaterial as the controversy relating to him is closed. The Board raises no question as to the propriety of the Master's finding relating to him, and of course the Alliance does not question the finding.

The Alliance challenges the propriety of the Master's findings as to Andrzejewski and Ziolkowski on the ground that they are not supported by the weight of the evidence; it also asserts that the Master failed to give proper weight to Alliance's contention that neither Andrzejewski nor Ziolkowski could run their respective departments as well as the present incumbents. Alliance further contends in the case of Ziolkowski that the Master failed to consider its reasons for refusing to reinstate him in the same position and the reasons for the offer of a new position.

Ordinarily a Master's findings are not to be set aside unless clearly erroneous. This is the provision of the Federal Rules of Civil Procedure, Rule 53(e) (2), 28 U. S.C.A. following section 723(c), pertaining to District Courts. We are of the opinion that a similar rule should be applicable to the instant situation. It has been so held in N.L.R.B. v. Arcade-Sunshine Co., 76 U. S.App.D.C. 312, 132 F.2d 8, and N.L.R.B. v. Remington Rand, Inc., 2 Cir., 130 F.2d 919, 925.

With this statement of the rule in mind, we cannot say that the Master's findings are clearly erroneous; simply because we might have reached a different conclusion is no reason to set aside a Master's report. The report of the Master is therefore confirmed. In conformity with such report, Alliance is ordered to offer to Andrzejewski and Ziolkowski full reinstatement to their former or substantially equivalent positions without prejudice to their seniority and other rights and privileges, and to pay $700 to Ziolkowski. The Master is allowed $600 as his fee in the matter, and the Board and Alliance are each directed to pay one-half the costs of the reference, including the Master's fees and expenses. The Board shall submit an order accordingly.

SPARKS, Circuit Judge(dissenting).

I dissent from that portion of the opinion which approves the Master's conclusion that Alliance had failed to offer to Andrzejewski and Ziolkowski positions substantially equivalent to those they occupied when they went on strike as commanded by our original decree.

I am quite willing to be bound by the Master's purely factual findings, but when he concludes from those facts that appellant violated the terms of our decree, his conclusion is one of law, by which we are not bound. That, precisely, is the legal question before us for decision, and it requires a legal interpretation of the words "substantially equivalent position." I am convinced from the evidence and the findings that Andrzejewski and Ziolkowski were, and still are, offered positions by petitioner substantially equivalent to those occupied by them when they went on strike. In all other respects, not inconsistent with this statement, I approve the opinion.