BEFORE THE SECOND DIVISION

FEBRUARY 4, 1952

No. 56373.—T. W. Holt & Company v. United States, petition 6767–R (Tampa).

RAO, Judge:   This is a motion made by petitioner for an order to punish for contempt two employees of the Treasury Department, to wit, "W. E. Higman, Chief of Division of Classification, Entry and Value, of the Bureau of Customs," and his assistant, V. G. Corey, in their capacity as United States Treasury Department employees, individually and jointly, for declining to comply with the judgment of this court, entered June 20, 1950, 25 Cust. Ct. 217, Abstract 54422, wherein the petition of T. W. Holt & Company for the remission of additional duties was granted, and for directing the collector of customs at Tampa, Fla., to not comply with said judgment.

In a memorandum in support of said motion, counsel for petitioner recites the fact of the entry of said judgment on June 20, 1950, after a trial on March 23, 1950, and asserts that the collector of customs at Tampa, Fla., is ready and willing to issue a refund check to petitioner, which act is stated to be in compliance of said judgment, but is restrained from doing so by the said Higman and Corey of the Bureau of Customs.   In explanation of the attitude of the said Higman and Corey, counsel states that it is their view that the refunds could not be paid to

petitioner because entry of the merchandise covered by the petition had been made in the name of the customhouse broker, and, no owner's declaration having been filed, any refunds found due were payable to the broker. He states further that he was first advised by the said Higman and Corey that payment was being withheld because the said broker's financial dealings with the Government were under investigation; but that thereafter, he was informed that the matter of the claim of petitioner for payment of the refunds was referred to the General Accounting Office.

No specific prayer for relief is contained either in the moving papers or in the memorandum in support thereof. Counsel concludes the latter with the following statement:

* * * it is respectfully submitted that by their instructions to the Tampa Collector not to pay to T. W. Holt & Co., the moneys covered by the Petition for Remission granted by this Court, and their attitude that the General Accounting Office should interpret this Courts Judgment they are necessarily in contempt of this Court and should be so held, as provided in the Proposed Order, finding them in Contempt of this Court hereto attached as part of the written motion.

The alleged contemnors, Higman and Corey, have appeared specially in this proceeding, and seek a dismissal of the motion on the grounds that the moving papers are not supported by affidavit or other verified statement; that they were not personally served on said W. E. Higman and V. G. Corey; and that they do not indicate whether the charge of contempt is civil or criminal. In the alternative, it is requested that should the application for dismissal of the motion be denied, the said W. E. Higman and V. G. Corey be granted 30 days from the issuance of any order herein to appear generally and oppose this motion upon the merits.

We are of opinion that no one of the reasons advanced for the dismissal of this motion is valid or tenable. Although the moving papers are very loosely drawn, and the memorandum of counsel for the petitioner contains much that is irrelevant and immaterial, in form and substance they are sufficient to bring before us this contempt proceeding. Not alone the concluding sentence of petitioner's memorandum, which we have heretofore quoted, but the notice of motion itself, the manner in which it is entitled, and all of the facts detailed in the supporting statement indicate that the purpose of this proceeding by petitioner is wholly remedial; that it was instituted solely to compel compliance with a duly entered judgment of this court for the benefit of petitioner; and that it was not intended as a deterrent to offenses against the public. Accordingly, we hold this proceeding to be one for civil contempt. *Gompers* v. *Bucks Stove & Range Company*, 221 U. S. 418; *Penfield Company of California et al.* v. *Securities & Exchange Commission*, 330 U. S. 585; *McCrone* v. *United States*, 307 U. S. 61; *In re Rice et al.*, 181 Fed. 217. As a proceeding for civil contempt, it was properly instituted by service of the moving papers upon counsel for the respondent. *National Labor Relations Board* v. *Hopwood Retinning Co.*, 104 F. 2d 302. Personal service of the notice of motion upon the alleged contemnors was not a requirement. Neither was it necessary that the moving papers be supported by affidavit or other verified statement of the facts upon which the motion was predicated. *National Labor Relations Board* v. *Arcade-Sunshine Co.*, 122 F. 2d 964. The motion to dismiss is therefore denied.

Counsel for respondent and/or the alleged contemnors are hereby granted 30 days from the date of the issuance of the order entered upon this motion to appear generally and to oppose this motion upon the merits. Counsel for the petitioner may have 10 days thereafter for a reply.