In re RIDDLESBURG MINING CO., Inc.
No. 22128.

United States District Court,
W. D. Pennsylvania.
June 30, 1954.

R. Lester Moore, Philadelphia, Pa., for Waldo & Maltby, Inc.

E. W. Van Horn, Jr., Bedford, Pa., for Commercial Coal & Coke Corp.

Paul E. Hutchinson, Pittsburgh, Pa., for trustee.

Philip Baskin, Pittsburgh, Pa., for objectors, the purported 3rd & 4th Mortgagees.

Walter F. Michael, Pittsburgh, Pa., for debtor.

GOURLEY, Chief Judge.

In this reorganization proceeding, the question has been raised as to the legality and priority of, and the amount due and owing by the Riddlesburg Mining Co., Inc., debtor corporation, to Waldo & Maltby, Inc., and its secured claim status as a second mortgagee on the property of the debtor corporation.

An order of reference was made to Stephen P. Laffey, Referee in Bankruptcy, acting as Special Master. Rule 53 of the Federal Rules of Civil Procedure, 28 U.S.C.A.

The Special Master entered findings and conclusions, and exceptions have been taken thereto by Waldo & Maltby Co., Inc., assignee of the said second mortgage.

Ordinarily, a Master's findings are not to be set aside unless clearly erroneous. 28 U.S.C.A. Rule 53(e) Federal Rules of Civil Procedure; Polish Nat. Alliance of U. S. of A. v. N. L. R. B., 7 Cir., 159 F.2d 38; N. L. R. B. v. Arcade-Sunshine Co., 76 U.S.App.D.C. 312, 132 F.2d 8; N. L. R. B. v. Remington Rand, Inc., 2 Cir., 130 F.2d 919, 925.

Riddlesburg Mining Co., Inc., executed a second mortgage on its coal lands to Union Factors Corporation of New York. The original loan consisted of $50,000 repayable monthly in twelve notes of $2500 each, commencing January 26, 1950, and a twelfth and final payment of $22,500 due December 26, 1950.

Prior to Riddlesburg's default on the said mortgage, it had, on July 31, 1950, contracted with Waldo & Maltby, Inc., and Commercial Coal & Coke Corporation, providing them with exclusive right to strip coal on Riddlesburg's property as well as an exclusive sales agency, the coal to be processed by Riddlesburg and the sales price to be distributed according to a fixed formula.

Waldo & Maltby, Inc., at the time that Riddlesburg became financially embarrassed paid two of the outstanding notes in the sum of $2,500 each and the balance of the last installment of $23,812.50, taking at the same time an assignment of the aforesaid second mortgage.

On the basis of the assignment of said second mortgage and contract dated November 8, 1950, in the form of a letter from Riddlesburg to Waldo, Waldo asserts a right for secured claim in the amount of $160,593.53, representing $28,812.50 based on the principal of the second mortgage and $122,500.08 with interest in connection with loans and advances, pursuant to the July 31, 1950 contract, made for and on account of Riddlesburg before and after the date of its purchase of the second mortgage.

The holders of the third and fourth mortgage contend that Waldo is entitled as a secured claim only to the amount advanced by it on the second mortgage.

The question is, therefore, squarely posed whether the second mortgage was

562.

to stand as security for any advances made to Riddlesburg by Waldo and whether the letter or contract of November 8, 1950 was intended that Waldo would have the security of the second mortgage for payment of all indebtedness then due or thereafter to become due by Riddlesburg to Waldo on open account or otherwise.

■ The elementary rule in the construction of mortgages is to ascertain from the instrument the intention of the parties, giving meaning to all the words and clauses used, if possible, and to give effect to the intention thus ascertained. 59 C.J.S., Mortgages, § 152.

■ Undoubtedly, in the present instance, when the manifest intentions of the parties must necessarily be based upon conflicting evidence involving questions of credibility, and the master has heard the witnesses and observed their demeanor, great weight attaches to his conclusions and the weight of authority is that the District Judge, while scrutinizing with care his conclusions upon a Review, should not disturb his findings unless they are manifestly unsupported by the evidence. In the Matter of Musgrave, D.C., 27 F.Supp. 341, 343; In re Lawrence, 2 Cir., 134 F. 843.

■ Upon an examination of the mortgage and contract instruments and a review of the testimony adduced in most exhaustive hearings encompassing a period of twenty-one days, I am convinced that the Special Master had a reasonable and sound basis to support his findings that the tenor of the mortgage and contract and intention of the parties in connection therewith was to provide Waldo security of a second mortgage for all payments made by it on that mortgage both before and at the time of its assignment, but in no way created in behalf of Waldo an open end or advance money mortgage.

■ In connection with allowance of interest, it is my judgment that such allowance should be limited to the date that debtor corporation was placed in reorganization.

■ Interest on a debtor's obligations ceases to accrue at the beginning of such proceedings, since exaction of interest where power of debtor to pay has been suspended by law would prove highly inequitable, unless the security is worth more than the sum of the principal and interest due. Vanston Bondholders Protective Committee v. Green, 329 U.S. 156, 67 S.Ct. 237, 91 L.Ed. 162; In re Macomb Trailer Coach, Inc., (Weeks v. McInnis) 6 Cir., 200 F.2d 611.

The critical financial dilemma of the debtor would undoubtedly confine the payment of interest to the date that petition in reorganization had been filed.

The Special Master has seen and heard the witnesses and has determined their credibility, and I believe the record reflects a sound and sufficient basis to support his findings and conclusions.

An appropriate Order is entered.