In the Matter of Chester W. INMAN, Bankrupt.

No. 7658.

United States District Court
D. Maine, N. D.

Dec. 9, 1957.

Wesley C. Archer, Brewer, Me., for petitioner.

John W. Conti, Arnold L. Veague, Bangor, Me., for respondent.

GIGNOUX, District Judge.

This matter comes before the Court on the petition of Chester W. Inman, the bankrupt, for review of an order of the Referee in Bankruptcy dated June 3, 1957, which allowed the petition of the Merrill Trust Company of Bangor, Maine, objecting to the bankrupt's application for a discharge, and denied the discharge of the bankrupt on the authority of Section 14, sub. c (4) of the Bankruptcy Act. 11 U.S.C.A. § 32, sub. c (4).

The Referee, after a hearing held on December 27 and 28, 1956, made certain findings of fact and conclusions of law, which are contained in the opinion incorporated in the order of which review is now sought.

The petitioner alleges that he is aggrieved by said order, in that the Referee committed error therein by taking into consideration and using "as a determining factor" in his opinion:

(1) "Evidence that the bankrupt was guilty in a matter which has not been settled in the Equity Court of the State of Maine;"

(2) "That the bankrupt has never kept records;"

(3) "(Evidence) of which a full and true disclosure was made at the first meeting of creditors;"

(4) "Incompetent evidence obtained by the objectors in direct examination of their own subpoenaed witnesses;" and

(5) "Testimony that was not given in evidence by the bankrupt, or by the witnesses for the objectors, nor was it brought out in cross-examination."

Oral argument on the petition for review was heard by this Court on December 2, 1957, both parties being represented by their respective attorneys.

At the argument counsel for the petitioner voluntarily abandoned the first two assignments of error in his petition, conceding that it was manifest from a reading of the Referee's opinion and order that the evidence referred to in these assignments was not used by the Referee "as a determining factor" in his opinion.

With respect to the third, fourth and fifth assignments of error, this Court holds that they are defective in that they fail to specify the evidence or testimony to which objection is made.

Section 39, sub. c of the Bankruptcy Act, 11 U.S.C.A. § 67, sub. c, re-

quires that a petition for review of an order of a Referee in Bankruptcy set forth the alleged errors complained of, and it has been consistently held that the Judge may either decline to pass upon points not specifically designated or he may simply dismiss the petition. In re Musgrave, D.C.N.D.W.Va.1939, 27 F. Supp. 341; In re Florsheim, D.C.S.D.Cal. 1938, 24 F.Supp. 991; see 2 Collier on Bankruptcy § 39.22 (14th ed. 1956); cf. Virginian Ry. Co. v. Chambers, 4 Cir. 1930, 46 F.2d 20.

■ The third, fourth and fifth assignments of error in this petition allege error in general terms only, viz.: that the Referee used as a determining factor in his opinion evidence or testimony which presumably the petitioner feels should not properly have been considered by the Referee. They do not, however, specify the evidence or testimony involved, and despite close questioning by the Court at the hearing counsel was unable to direct the Court's attention to the specific evidence or testimony of which complaint is made. The authorities hereinbefore cited hold that on a petition to review the Court cannot be compelled to search the record for error, and this Court will not undertake to do so.

■■ In view of the Court's conclusion that the assignments of error in the instant petition are either without sufficient basis or clearly defective, the Court would be fully justified in declining to pass upon the merits. However, it has been said that " * * * where patent and unmistakable error appears in the record, the court may, in the interests of expeditious justice, take cognizance of it." See In re Florsheim, supra, 24 F. Supp. at page 992. And, it being apparent from this record that the assignments of error are based upon the alleged insufficiency of the evidence, in the interest of expeditious justice the sufficiency of the evidence will now be considered.

Briefly, the facts as found by the Referee are as follows:

(1) During the three years immediately preceding the filing of his petition in bankruptcy (August 17, 1956) the bankrupt was in the business of cutting and hauling pulpwood and hauling gravel. During these years no books of account or records were kept by the bankrupt relating to his business, but he relied upon the concerns by whom he was engaged to furnish him information concerning his operations.

(2) On or about September 27, 1955, the bankrupt traded a 1946 Cadillac on which he was allowed around $550, for a 1951 Cadillac coupe, which sold for $1,800, which was registered in the name of Albert Smith, a very close acquaintance of the bankrupt. At first, the bankrupt testified that he made the $70 monthly payments on this Cadillac until November, 1956, but he later reversed himself by stating that his last payment was in August, 1956, shortly before he filed his petition in bankruptcy, when, fearing that the car was going to be repossessed, he agreed that the payments should thereafter be made by Mr. Smith.

The 1951 Cadillac was not listed as an asset or mentioned in the petition in bankruptcy, but matters pertaining to it were disclosed by the bankrupt at the first meeting of creditors.

Subsequent to the filing of his petition in bankruptcy, the bankrupt operated the Cadillac coupe at least once or twice a week.

The Referee further found that Mr. Smith is a middle-aged laborer who does some trucking and lawn work, and, who, since 1948, has never had a net income in excess of $600; that he had known the bankrupt intimately for over thirty years; that in 1956 he had four motor vehicles registered in his name; and that he had no real estate and no bank account or any other personal property.

(3) Approximately twenty years ago the bankrupt purchased land on the Wiswell Road in Brewer, Maine, for $350, on which he constructed a home around 1942. This home was occupied by the bankrupt until 1953, when the bankrupt's

sister, Mrs. James E. LeGuff, and her family, were given possession of the premises upon their agreement to pay the bankrupt $20 per month rent, although no such payments had been made by the LeGuffs as of the date of the bankruptcy petition. On February 7, 1956, the bankrupt mortgaged this property to the Le-Guffs as security for an alleged loan of $6,000, the mortgage being recorded on August 28, 1956, eleven days after the filing of the petition in bankruptcy. The present market value of the property is approximately $3,000.

According to the testimony of the bankrupt and the LeGuffs the $6,000 represented various amounts which were loaned to the bankrupt over a period of approximately fifteen years, and also sums which Mrs. LeGuff contributed in support of her mother and father and money expended by the LeGuffs in improving the mortgaged property. The testimony of the bankrupt and the Le-Guffs varied considerably as to the dates and amounts of the various alleged loans, and although the bankrupt at first testified that he had a record of each transaction, when requested by the Referee to produce such records, he finally confessed that no such records were maintained by him. The sole source of the alleged loans was Mr. LeGuff's salary, which averaged $74 per week during the period involved.

Considering all the testimony regarding this transfer, the Referee found as a fact that no money was advanced by the LeGuffs to the bankrupt in the amount claimed by the parties, and that any claim which the LeGuffs might properly have regarding the Wiswell Road property was far less than the present value of the property.

(4) On May 12, 1955, the bankrupt sold and conveyed to the Merrill Trust Company one 1950 Chevrolet Truck, with dump body, and one 1951 Chevrolet Truck, with dump body, the sale being evidenced by a bill of sale executed by the bankrupt on the same date. At that time the bankrupt agreed to furnish to the Merrill Trust Company the motor and serial numbers of the trucks, which were not then available to the parties. On the same date, the Merrill Trust Company and the bankrupt entered into a conditional sales agreement involving these trucks to secure the payment by the bankrupt of the sum of $1,532.80, in two installments of $766.40 each, commencing September 10, 1955. The bankrupt retained possession of the vehicles, but never furnished the correct motor and serial numbers of the vehicles to the Merrill Trust Company, thereby preventing the bank from asserting its lawful remedies against the bankrupt as set forth in the conditional sales agreement.

The Referee further found that the Merrill Trust Company petitioned the Supreme Judicial Court of the State of Maine in Equity for appropriate relief; that the state court entered a decree ordering the bankrupt to return possession of the vehicles to the Merrill Trust Company; that the bankrupt failed to comply with the decree and that as a result a contempt order was issued by the state court and served upon the bankrupt.

The record discloses that the objections to the discharge of the bankrupt as filed by the Merrill Trust Company were based on Sections 14, sub. c(2) and 14, sub. c (4) of the Bankruptcy Act. As previously noted, however, the Referee's order denying the discharge is based solely on Section 14, sub. c (4).

Section 14, sub. c (4) provides that the Court shall grant a discharge unless satisfied that the bankrupt has

" * * * at any time subsequent to the first day of the twelve months immediately preceding the filing of the petition in bankruptcy, transferred, removed, destroyed, or concealed, or permitted to be removed, destroyed, or concealed, any of his property, with intent to hinder, delay, or defraud his creditors."

Section 14, sub. c further provides:

" * * * That if, upon the hearing of an objection to a discharge, the objector shall show to the satisfaction of the court that there are reasonable grounds for believing

that the bankrupt has committed any of the acts which, under this subdivision [c], would prevent his discharge in bankruptcy, then the burden of proving that he has not committed any of such acts shall be upon the bankrupt."

Applying the above-quoted language of Section 14, sub. c to the facts as found by him, the Referee concluded, as follows:

"Under all the facts and circumstances of this case, this Court is fully satisfied that reasonable grounds exist for believing that the bankrupt has committed acts which would prevent his discharge on the basis of Section 14 [, sub.] c(4). Close observation of and attention to the bankrupt as he testified convinced this Court that the bankrupt would resort to any means to protect his property against the demands of his creditors, as further evidenced by the circumstances of the transfer of the Cadillac to the poor Albert Smith and the transfer of the Wiswell property to his sister. In the opinion of this Court, both of those transfers were obviously for the purpose of hindering, delaying, and defrauding his creditors.

"In view of this conclusion, it is unnecessary to pass upon the other contentions of Merrill Trust Company."

■ General Order in Bankruptcy No. 47, 11 U.S.C.A. following section 53, provides that the district judge " * * * shall accept his (the Referee's) findings of fact unless clearly erroneous * *," and the rule is well established that "When the findings of a referee are based upon conflicting evidence involving questions of credibility, and the referee has heard the witnesses and observed their demeanor, great weight attaches to his conclusions, and * * * the district judge * * * should not disturb his findings unless they are manifestly unsupported by the evidence." In re Musgrave, D.C.N.D.W.Va.1939, 27 F.Supp. 341, 343. See In re Ouellette, D.C.Me. 1951, 98 F.Supp. 941; In re Roark, D.C. E.D.Ky.1939, 28 F.Supp. 515; 2 Collier on Bankruptcy § 39.28 (14th ed. 1956).

■ After reading the entire record, this Court has found it impossible to conclude that the Referee was clearly erroneous in any of his findings of fact or that he erred in his conclusions of law. Such are, therefore, adopted as the findings and conclusions of this Court, the petition for review is denied, and the order of the Referee is affirmed.

It is, therefore, ordered, adjudged and decreed that the order of the Referee in Bankruptcy, dated June 3, 1957, denying the discharge of the bankrupt, Chester W. Inman, be and hereby is

Affirmed.