In The Matter of Martin W. SUPNICK, Individually and Trading as Crystal Furriers.

No. 24962.

United States District Court
E. D. Pennsylvania.

March 14, 1958.

Miller, Adelman & Lavine, Philadelphia, Pa., for trustee.

O'Keefe, Knecht & Ryan, by Walter E. Knecht, Jr., Philadelphia, Pa., for bankrupt.

KRAFT, District Judge.

This matter comes before the court on a Referee's certificate for review. The sole question presented is whether the Referee's findings of fact are clearly erroneous.[1]

The trustee in bankruptcy filed timely specifications of objections to the bankrupt's discharge, alleging that the bankrupt had obtained money on credit by making or causing to be made a materially false written statement of his financial condition which, the trustee asserted, precluded the bankrupt's discharge under 11 U.S.C.A. § 32, sub. c (3). After hearing, the Referee filed an opinion and order overruling the objections and granting the discharge.[2]

The incident which evoked the trustee's objection occurred on August 13, 1956. The bankrupt visited the Frankford Trust Company that day and applied for a $3,000 loan. His application was made to Thomas Butler, the Treasurer, who, as a bank official, had known the bankrupt for twelve years and was generally familiar with the financial aspects of his business. During the preceding fifteen years the bankrupt had obtained approximately twenty loans from the trust company, all of which, including the instant loan, had been promptly repaid.

The bankrupt furnished orally the information requested by Butler, who inserted the data in the appropriate blank spaces in the financial statement form. At the time his answers were given, the bankrupt had no ledgers or documents with him accurately reflecting the condition of his business. The bankrupt signed the statement which Butler had completed. The following day Butler in-

---

1. Matter of Inman, D.C.D.Me.1957, 157 F.Supp. 506, 510; General Order 47, 11 U.S.C.A. following section 53; F.R.Civ. P. 53(a) & (e) (2), 28 U.S.C.A.

2. Three additional objections were advanced in the specifications. One was withdrawn and the other two are not pressed here.

formed the bankrupt, by telephone, of the approval of his application.

The signed financial statement showed a net worth of $33,300. Accepting the trustee's figure of the amount of inventory overstatement and the bankrupt's own testimony as to the amount of overstatement of other items, his true net worth was approximately $17,000.

The Referee found that the statement was not false and was not relied upon by the trust company when it advanced credit to the bankrupt. These findings were based principally on the testimony of the trustee's witness, Butler, which indicated that he was quite aware that the figures orally given were only an estimate of the applicant's financial condition and were made without benefit of or reference to any books or records; further, that Butler relied not on the statement, but rather on his general knowledge of the applicant's prior transactions with the trust company. (N.T., pp. 10–11, July 10, 1957).[3] It was reasonable for the Referee to infer that Butler obtained the signed statement as pro forma compliance with a requirement that such a statement be furnished with the loan application. No evidence was offered to show reliance on the statement by the loan committee which approved the application. Moreover, since Butler was a member of that committee and failed to testify as to any reliance by the committee upon the statement, the Referee could fairly infer that the loan committee did not act in reliance upon the statement.

The word "false" as used in the applicable section of the Bankruptcy Act means " * * * more than erroneous or untrue and imports an intention to deceive, * * * "[4] and proof of such intent is essential.[5] The statement signed by the bankrupt was untrue, but the circumstances attending its submission and the conduct, inter se, of the borrower and the lender indicated carelessness rather than the bankrupt's intent to mislead or deceive. Viewing the testimony as a whole we conclude that the Referee's findings are not clearly erroneous.

3. "Q. In other words, when these figures were given to you that you filled in, he did not have his books and records there? A. That's right.

"Q. They were approximations? A. That's right.

"Q. You knew that, did you not? A. That's right.

"Q. And you also had dealings with him over a considerable period of time, and he had paid the loans promptly? A. That's right.

"Q. And he had a good reputation? A. That's right.

"Q. In other words, you used those factors also in granting this loan? A. That's right."

4. I Collier, Bankruptcy § 14.40 (14th Ed.) and cases cited therein.

