HOUSEHOLD FINANCE CORP., APPELLANT, *v.* McCOMAS, APPELLEE.

(No. 1461—Decided November 18, 1959.)

*Messrs. Spieth, Bell & McCurdy*, for appellant.
*Mr. Clayton E. Horne*, for appellee.

DOYLE, P. J. There is presented in this appeal on questions of law, from a judgment dismissing a petition in the Municipal Court of the city of Lorain, the question of whether the said petition, for money only, filed therein, states a cause of action. The Municipal Court sustained a demurrer directed to the pleading, and later dismissed the petition, following the petitioner's determination to plead no further.

The demurrer reads as follows:

"Defendant demurs to the petition herein, and for grounds thereof says that it appears upon the face of the petition that the court has not jurisdiction of the subject of this action. That it appears upon the face of the petition that there is another action pending between the parties hereto for the same cause of action in this court."

The cause of action stated in the demurrer appears to be a bankruptcy proceeding of the defendant in the United States District Court, as will be shown later.

Limited in our decision to the pleading alone, we will state it in substance.

The petition alleges that the plaintiff is a corporation, licensed to conduct a small loan business, and that there is due it $310.27 on a past-due loan obtained by fraud; that the loan was made pursuant to a representation by the borrower in the form of a written financial statement that his total debts amounted to $1,116.07, "whereas the actual amount owed by defendant at the time of said statement was $2,532.67"; and that "thus there were unscheduled on defendant's financial statement debts in

the amount of $1,416.60, which indebtedness to the various creditors of defendant was unknown to plaintiff at the time plaintiff extended its loan to defendant.''

The pleading further alleges that ''these creditors which defendant excepted from his financial statement are set forth in detail in a bankruptcy schedule filed by the defendant in Bankruptcy Court, being case No. 82,414 of the bankruptcy record of the United States District Court * * *, and the same now being a public record.''

Allegations are further made that it relied on the financial statement of defendant in making the loan; ''that it had no knowledge of the fraud and deceit and misrepresentation as practiced by defendant at the time defendant obtained said loan, and when said bankruptcy was filed, plaintiff at such time first learned of the fraud and deceit and upon discovery made demands for payment, which demands for payment defendant failed to heed.''

It is contended by the appellee, in a question posed, that the one question for this court to decide is: ''Does the order of the United States District Court, 'fixing the 16th day of February, 1959, as the last day for the filing of objections to the discharge of said bankrupt' close this case, or does an order of the same court at the same time saying 'time for filing claims expires six months from date of first meeting' (June 16, 1959) close the case? Defendant's position is that the later date is a final order and consequently the filing of plaintiff's petition in the Lorain Municipal Court on March 27, 1959, was for the same cause of action while there is another action pending between the parties thereto.''

Assuming that the facts stated in the foregoing contention are included in the petition (they are not), we are of the opinion that the claim is without merit.

The Federal Bankruptcy Act, Title 11 U. S. Code, Section 35, states: ''(a) A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as (1) are due as a tax levied by the United States, or any state, county, district, or municipality; (2) are liabilities for obtaining money or property by false pretenses or false representations * * *.''

In respect to the above statute, it is observed that one of the purposes of the bankruptcy act is to relieve an honest debtor from the weight of oppressive indebtedness and to permit him to start afresh, free from obligations and responsibilities consequent upon business misfortunes, and to give him a clear field for future effort, unhampered by the pressures and discouragement of pre-existing debt. The various provisions of the act were adopted in the light of that view, and must be construed, when reasonably possible, with it, so as to effectuate the general purpose and policy of the act. *Local Loan Co.* v. *Hunt*, 292 U. S., 234, 78 L. Ed., 1230, 54 S. Ct., 695, 93 A. L. R., 195.

It will be noted that one of the purposes of the act is to relieve an ''honest debtor''; and in putting into execution this theory, the Congress excepted from discharge ''liabilities for obtaining money or property by false pretenses or false representations.''

The right to a discharge is determined in the Bankruptcy Court, but the effect of the discharge, if and when obtained, may be determined whenever and wherever the enforcement of a debt is attempted against the bankrupt. 6 American Jurisprudence, Bankruptcy, Section 744, and cases cited; 8 Corpus Juris Secundum, Bankruptcy, Section 562, and cases cited.

We declare the rule to be, in accord with the weight of authority, that a liability for obtaining money by false and fraudulent representations is not barred by the filing of the claim in the Bankruptcy Court or even by a discharge of the bankrupt in a proceeding in which the claim was filed. When it is alleged in a petition in a state or municipal court of competent jurisdiction that a liability is based upon obtaining a loan of money by a false statement of the borrower's indebtedness to others, such petition is sufficient to disclose a liability for obtaining money by false representations and pretenses, and states a cause of action for a nondischargeable debt under the bankruptcy act.

Under the petition filed in this case, the Municipal Court of Lorain is a proper forum to determine whether or not, under the facts, the claim has been barred by a discharge in bankruptcy, or, if it has not been discharged, whether it is dischargeable. See cases annotated in 133 A. L. R., 440 *et seq.*

The court below should have overruled the demurrer, and

the failure to do so, coupled with a dismissal of the petition, constitutes prejudicial error.

The judgment is reversed and the cause remanded.

*Judgment reversed.*

STEVENS and HUNSICKER, JJ., concur.