Tower Finance Corporation, an Illinois Corporation, Plaintiff-Appellant, v. Charles N. Winemiller and Mabel G. Winemiller, Defendants-Appellees.

Gen. No. 11,761.

Second District, First Division.

September 10, 1963.

Redman, Shearer & Gorecki, of St. Charles (Richard D. Shearer, of counsel), for appellant.

No brief filed for appellee.

DOVE, J.

On January 14, 1960, Charles N. Winemiller and his wife, Mabel G. Winemiller, refinanced a previous obligation to Tower Finance Corporation of Aurora, Illinois, and received from the Finance Corporation some additional money. Evidencing the transaction, Mr. and Mrs. Winemiller executed their judgment note for $702.04, payable in twenty-four monthly installments.

On September 29, 1960, a judgment by confession was rendered by the Circuit Court of Kane County,

in favor of the Tower Finance Corporation and against the makers of this note for $740.15. Thereafter, upon the petition of the judgment debtors, this judgment was, on November 19, 1962, vacated and a judgment rendered in their favor in bar of the action and for costs against Tower Finance Corporation. It is to reverse this judgment that the Tower Finance Corporation appeals.

The record discloses that at the time the note sued on was executed, Mr. and Mrs. Winemiller signed and delivered to appellant a financial statement disclosing a total monthly income of $505. This statement recited that it was given to the Finance Corporation for "the specific purpose of obtaining a loan from the Tower Finance Corporation, and showing ability to repay such loan." Under the heading, "All debts must be listed," appears the following items: (It is apparent that the total amount of monthly payments did not include the $32 indicated as a monthly payment to the Finance Corporation).

| Creditors Name | Monthly Payment | Amount Owed |
|---|---|---|
| Decorators Mart | $ 5.00 | $   50.00 |
| Coopers Furniture Store | 5.00 | 10.00 |
| Libby Furniture Co. | 28.00 | 180.00 |
| Associate Discount Corp. | 60.00 | 800.00 |
| Loan Balance with Tower Finance Corporation | 32.00 | 580.00 |
| Totals ................ | $98.00 | $1620.00 |

Between January 14, 1960, and May 5, 1960, appellees paid appellant, upon this note, $79.38. On May 5, 1960, Charles N. Winemiller filed his petition in bankruptcy, and on Schedule A–2 which accompanied his petition, listed his obligation to appellant. He was

11

duly adjudicated a bankrupt and on June 20, 1960, an order of discharge was entered.

In his bankruptcy schedules, Charles N. Winemiller listed the following indebtedness:

| | |
|---|---:|
| Internal Revenue Service | $ 35.50 |
| Kendall County | 175.50 |
| Libby Furniture Co. | 900.00 |
| Decorators Mart | 175.00 |
| Woodward Memorial Hosp. | 300.00 |
| Harley Hill | 30.00 |
| Peoples Store | 45.00 |
| May Electric Co. | 72.41 |
| Greenwald's | 75.00 |
| Dr. Keller | 20.00 |
| Robert A. Meyer | 10.00 |
| Dr. Wajtowycz | 4.00 |
| Dr. Gillette | 15.00 |
| Ridge Jewelers | 2.00 |
| Plano Super Mart | 27.00 |
| Swisher Ace Store | 20.00 |
| Aschida Jewelers | 26.00 |
| Freezo Center Corp. | 76.28 |
| Associated Discount Corp. | 1,258.00 |
| Total | $3,266.69 |

It is the contention of counsel for appellant that the record discloses that Charles N. Winemiller was guilty of false representations in obtaining the loan evidenced by the note, upon which judgment was confessed and which forms the basis of this action, and that his discharge in bankruptcy, as to this obligation, is ineffective and does not bar the enforcement of appellant's judgment.

The Federal Bankruptcy Act, Title 11 USCA Sec 35, states: "(a) A discharge in bankruptcy shall release a bankrupt from all his provable debts, whether

12

allowable in full or in part, except such as (1) are due as a tax levied by the United States, or any state, county, district, or municipality; (2) are liabilities for obtaining money or property by false pretenses or false representations . . . ."

Household Finance Corporation v. McComas, 112 Ohio App 296, 175 NE2d 861, was an appeal from the Municipal Court of the City of Lorain, Ohio, from an order dismissing the petition of Household Finance Corporation and holding that the petition did not state a cause of action. The petition alleged that the plaintiff was licensed to conduct a small loan business and that there was due it $310.27 from defendant on a past-due loan obtained from plaintiff by defendant. The petition further alleged that the loan was made pursuant to a representation made by the defendant in the form of a written financial statement that his debts amounted to $1116.07, whereas the actual amount owed by defendant, at the time the statement was made, was $2532.67; that the unscheduled debts on the financial statement made by defendant to the plaintiff amounted to $1460.80; that this indebtedness to various creditors was unknown to plaintiff; that plaintiff relied upon the financial statement made by defendant to it and that it had no knowledge of the fraud, deceit and misrepresentation practiced by defendant at the time he obtained the loan from the plaintiff. The petition further alleged that the schedule which the defendant filed in the United States District Court listed the creditors which defendant had not listed in the financial statement which he executed and delivered to the plaintiff at the time the loan was made.

In reversing the judgment of the Municipal Court, the Ohio Court of Appeals held that the Municipal Court was the proper forum to determine whether or not, under the facts, the claim of the plaintiff was barred by defendant's discharge in bankruptcy, or if

13

the claim had not been discharged, whether it was dischargeable. In its opinion, the court referred to the applicable provisions of the Bankruptcy Act and stated that one of the purposes of that Act is to relieve an honest debtor from the weight of oppressive indebtedness, and to permit him to start afresh, free from the obligations and responsibilities consequent upon business misfortunes, and to give him a clear field for future effort, unhampered by the pressures and discouragement of pre-existing debt.

The Ohio Appeals Court held that the right to a discharge in bankruptcy is determined in the Bankruptcy Court, but that the effect of the discharge, may be determined whenever and wherever the enforcement of a debt is attempted against a bankrupt. In support of this pronouncement, the court cited 6 Am Jur Bankruptcy, Sec 744 and 8 CJS Bankruptcy, Sec 562. The opinion then continued:

> "We declare the rule to be, in accord with the weight of authority, that a liability for obtaining money by false and fraudulent representations is not barred by the filing of the claim in the Bankruptcy Court or even by a discharge of the bankrupt in a proceeding in which the claim was filed. When it is alleged in a petition in a state or municipal court of competent jurisdiction that a liability is based upon obtaining a loan of money by a false statement of the borrower's indebtedness to others, such petition is sufficient to disclose a liability for obtaining money by false representations and pretenses, and states a cause of action for a nondischargeable debt under the bankruptcy act."

In Time Finance Company v. Nelson, 312 Ky 255, 227 SW2d 189, 17 ALR2d 1204, it was held that notwithstanding a discharge in bankruptcy and even

though in the bankruptcy proceedings a creditor made no objection to such discharge, such creditor may recover on a loan made to the discharged bankrupt prior to bankruptcy, when the defendant, on the day the loan was made, and for the purpose of obtaining the loan, made a material statement in writing, falsely representing the amount of his liabilities, and the false representation was relied upon by the plaintiff and induced him to make the loan. Following the report of this case in 17 ALR2d, beginning on page 1208, is an annotation on what constitutes false representations in an application for a loan within the provisions of the Bankruptcy Act rendering liability for obtaining money by false pretenses or representations non-dischargeable.

The question presented by this record is whether the failure of appellee, Charles N. Winemiller, to correctly list all his obligations on the financial statement furnished appellant, at its request, when the loan was obtained from appellant, constitutes obtaining money by false pretenses or false representations, under the applicable provisions of the Bankruptcy Act.

In his bankruptcy proceeding, Mr. Winemiller listed nineteen creditors, whose claims aggregated $3,266.69. In his financial statement to appellant he listed four creditors other than appellant, and the statement indicated that the amount due these four creditors aggregated $1040. Among the creditors listed on his bankruptcy schedule were May Electric Company, Aschida's Jewelers, and Greenwald's. These obligations aggregated $173.41. He testified upon the hearing in this case that these obligations were not his but those of his wife, incurred by her prior to his marriage. He further testified that, at the time he delivered to appellant his financial statement, on January 14, 1960, he

had other creditors, to whom he was indebted. These were:

| | |
|---|---:|
| Freezo Center Corporation | $ 76.28 |
| Swisher Ace Store | 20.00 |
| Plano Super Mart | 27.00 |
| Ridge Jewelers | 21.00 |
| Dr. Gillette | 15.00 |
| Taxes-Kendall County | 175.50 |
| Dr. Wajtowycz | 4.00 |
| Dr. Robert Meyer | 10.00 |
| Dr. Robert Kellar | 20.00 |
| Peoples Store | 45.50 |
| Harley Hill | 30.00 |
| Internal Revenue Service | 35.50 |
| Woodward Memorial Hospital | 258.00 |

The amount due these creditors, on January 14, 1960, aggregated $737.78. They were not listed on the financial statement delivered to appellant by appellees at the time the loan was refinanced on January 14, 1960. Furthermore, in his financial statement to appellant, appellees indicated in said statement that the amount they owed Decorators Mart on January 14, 1960, was $50. Mr. Winemiller testified, however, on this hearing, that on January 14, 1960, the amount of his indebtedness to this creditor was $162. In his bankruptcy schedule he listed this creditor and stated that the amount due was $175.50. In the financial statement to appellant, appellees listed the amount of indebtedness to Discount Corporation at $800. In his schedule in the bankruptcy proceedings, the amount due this creditor was listed at $1258. Mr. Winemiller's explanation of this increased amount is not convincing. As pointed out by the trial court, some of the obligations omitted from appellee's financial statement to appellant are for small amounts, but others are substantial and an honest debtor could not have unintentionally failed to list them correctly.

16

Under the facts disclosed by this record, and under the authorities cited and those collected in 17 ALR 2, 1208–17, inclusive, Charles N. Winemiller obtained money from appellant upon representations which renders his debt to appellant a nondischargeable one. The court erred in entering the judgment appealed from. Appellees have made no appearance in this court and no brief has been filed in their behalf. The judgment order of the Circuit Court of Kane County is reversed.

Judgment order reversed.

McNEAL, PJ and SMITH, J, concur.