In the Matter of Joe Allen LOMAX, Bankrupt.

No. B-17-64.

United States District Court
M. D. North Carolina,
Greensboro Division.

Sept. 23, 1964.

Frank B. Wyatt, High Point, N. C., for Joe Allen Lomax, petitioner.

E. W. Hooper, Thomasville, N. C., for State Commercial Bank of Thomasville, respondent.

STANLEY, Chief Judge.

This matter is before the court on the petition of Joe Allen Lomax, the bank-

rupt, for review of an order of the Referee in Bankruptcy, dated June 30, 1964, which denied his discharge.

The bankrupt filed a voluntary petition for bankruptcy on March 18, 1964, and was adjudicated a bankrupt on the same date.

On May 6, 1964, the State Commercial Bank of Thomasville, a creditor, timely filed objections to the discharge of the bankrupt. The specification objected to the discharge under § 14 sub. c(3) of the Bankruptcy Act, 11 U.S.C. § 32 sub. c(3), for the reason that the bankrupt, while engaged in business, obtained for his business sums of money on credit by making and publishing a materially false statement in writing respecting his financial condition.

The Referee, after hearing, made certain findings of fact and conclusions of law, which are contained in the order denying the discharge. After considering the record before the Referee, and the briefs and oral arguments of counsel, it reasonably appears that on May 6, 1963, the bankrupt, while either a partner or the sole proprietor of a septic tank business, applied to the State Commercial Bank of Thomasville for a loan of money for use in his business. Before the bank would consider the loan, it required the bankrupt to submit a financial statement. The statement was submitted in writing on a form furnished by the bank, and was signed by the bankrupt. The bankrupt was informed that if his financial condition changed the bank was to be notified. The bankrupt never notified the bank of any change in his financial condition. The financial statement listed notes payable in the sum of $6,900.00 and mortgages payable in the sum of $4,000.00, or total liabilities of $10,900.00. The net worth of the bankrupt, as disclosed by said statement, was $11,300.00. At the time the financial statement was signed and delivered to the bank, the bankrupt knew that he owed another mortgage in the amount of $997.00, which had been given in March of 1963, and several thousand dollars in accounts payable. The additional mortgage and accounts payable were knowingly and intentionally omitted from the financial statement in order to give the bankrupt and his business a greater net worth, and thus to influence the bank to make the loan applied for. On May 6, 1963, the date the financial statement was submitted, the bank, relying upon the accuracy of the financial statement, made the bankrupt a loan in the sum of $1,000.00. Additional loans were made on August 5, 1963, November 3, 1963, and December 3, 1963. None of these loans would have been made by the bank if the financial statement submitted on May 6, 1963, had been accurate. At the time the voluntary petition was filed, the bankrupt owed to the bank a balance of $1,728.00.

In his petition for review, the bankrupt contends that the Referee failed to find that the additional liabilities were "fraudulently and intentionally" omitted from the financial statement, and that there was no evidence before him upon which such a finding could have been made. It is urged that without such a finding, it was error to deny the discharge.

To serve as a bar to discharge under the 1960 Amendment to § 14, sub. c(3), the objector must prove that the bankrupt (1) obtained money on credit or an extension or renewal of credit, (2) that he did so on a materially false statement respecting his financial condition, (3) that such statement was in writing, (4) that the statement was made or published by the bankrupt, (5) that the bankrupt was engaged in business, and (6) that the money was obtained for the business. Collier on Bankruptcy, 14th Edition, Volume 1, Section 14.36; Am.Jur.2d, Volume 9, Section 701. However, it is generally held "that a false statement of financial condition made to obtain money or property on credit bars discharge only if it was knowingly and intentionally untrue." Am.Jur.2d, Volume 9, Section 702. Stated another way, "[t]he statement must be made with actual knowledge of falsity * * * and be relied upon in the extension of credit." Ameri-

can National Bank of Denver v. Rainguet, 10 Cir., 323 F.2d 881, 882 (1963).

In determining whether the Referee was justified in denying the discharge, it must be borne in mind that if the objecting creditor has shown to the satisfaction of the court that there are reasonable grounds for believing the bankrupt committed the act described in § 14, sub. c(3), then the burden of proving that he has not committed such act is upon the bankrupt. Section 14, sub. c of the Bankruptcy Act (11 U.S.C.A. § 32, sub. c); Mountain Trust Bank v. Shifflett, 4 Cir., 255 F.2d 718 (1958). Further, the court is required to accept the findings of fact in the Referee's report unless clearly erroneous. General Order in Bankruptcy No. 47, 11 U.S.C.A. following § 53; Rule 53(e) (2), Federal Rules of Civil Procedure, 28 U.S.C.A.; Mountain Trust Bank v. Shifflett, Supra; In re Supnick, 160 F.Supp. 355 (E.D.Pa., 1958).

The evidence before the Referee amply supported his findings that the bankrupt, while engaged in business as a sole proprietor or partnership, intentionally omitted from a financial statement submitted to the State Commercial Bank of Thomasville, for the purpose of obtaining money for use in his business, a substantial portion of his liabilities; that in reliance on said financial statement, the bank loaned to the bankrupt sums of money for use in his business; that the omission of liabilities from said financial statement resulted in the bankrupt making and publishing a materially false statement in writing respecting his financial condition. The finding that the additional liabilities were intentionally omitted from the financial statement is tantamount to a finding that they were fraudulently omitted. To act with intent to defraud simply means to act knowingly and with the specific intent to deceive, as contrasted to mistake, inadvertence or other innocent reason. The bankrupt conceded that he had actual knowledge of the concealment of liabilities at the time the financial statement was submitted, and the evidence is uncontradicted that the bank relied upon the accuracy of the financial statement in lending sums of money to the bankrupt for use in his business.

It is concluded that the findings of fact in the Referee's order are clearly supported by the record, and that the bankrupt should be denied his discharge.