413 P.2d 595

**H. A. COMPANY OF PROVO,**
Plaintiff and Respondent,

v.

**Paul L. CAMPBELL and Willa Campbell,**
Defendants and Appellants.

No. 10486.

Supreme Court of Utah.

April 26, 1966.

Alan D. Frandsen, Salt Lake City, for appellants.

A. Dean Jeffs, Provo, for respondent.

WADE, Justice.

H. A. Company of Provo brought an action to recover from Paul L. Campbell and Willa Campbell, the former wife of Paul L. Campbell, for a balance due on a promis-

sory note in the amount of $4,109.34, part of which loan was granted upon an alleged false financial statement submitted by Paul L. Campbell to obtain additional funds. Paul L. Campbell pleaded a discharge in bankruptcy as a defense to this suit. This appeal is from a judgment in favor of the H. A. Company.

The undisputed facts are that for the purpose of obtaining the additional loan, Paul L. Campbell furnished a written financial statement in which he failed to list debts he owed to Sears Roebuck of $98, to the National Finance Co. of $290, and to the Geneva Federal Credit Union of $1293, although he wrote on such statement that he had no other debts than those listed in that statement. He explained this oversight as due to the fact that he was not sure whether he owed Sears Roebuck anything, since his wife was the one who bought and charged at that store; that he had overlooked the amount due the National Finance Co. and did not consider the amount due the Credit Union as a debt which should be listed, since payments to it were deducted from his paycheck, and in his mind was in the same category as amounts deducted by his employer for income taxes, etc. The court did not accept this explanation and found that the failure to list the written debts in the financial statement submitted to obtain the additional loan was given with intent to defraud the H. A. Company of Provo.

We are of the opinion that the evidence was sufficient to sustain such finding of fact, and therefore the debt involved herein, under the provisions of Title 11, U.S.C., Sec. 35 of the Bankruptcy Act, is not dischargeable.

Affirmed. Costs to respondent.

HENRIOD, C. J., and McDONOUGH, CROCKETT and CALLISTER, JJ., concur.