**AVCO FINANCE COMPANY OF MARSHALL, Respondent,**

v.

**Edward BAKER, Jr., and Margaret Baker, Appellants.**

**No. 25578.**

Kansas City Court of Appeals, Missouri.

Oct. 4, 1971.

Roy W. Brown, Kansas City, for appellants.

Huff & Huff, Donald S. Huff, Marshall, for respondent.

JAMES W. BROADDUS, Special Commissioner.

The facts pertinent to this appeal are as follows: Plaintiff, Avco Finance Company, filed its petition in two counts on October 29, 1969, alleging in the first count that defendants, Edward Baker, Jr., and Margaret Baker, executed their promissory note payable to plaintiff in the original amount of $1,591.85 on August 23, 1968, and that there was a present balance due and owing of $1,428.85. Count Two alleged that said defendants obtained said loan as a result of executing a false and fraudulent statement as to their financial condition on said date. Said note and alleged false financial statement were attached to plaintiff's petition as Exhibits A and B.

Defendants filed their answer to plaintiff's petition admitting the execution of said note and the financial statement but specifically denying that said financial statement was false and fraudulent, and

further answering set up the defense that they were duly declared and discharged bankrupt in the United States District Court at Kansas City, Missouri, on August 29, 1970.

The cause came on for hearing on April 28, 1970, before the court, a jury having been waived. Plaintiff introduced into evidence the promissory note in question marked as Exhibit 1, the financial statement marked Exhibit 2, and certain bankruptcy schedules from the files of the Bankruptcy Court numbered 39000 and 39001 (the numbers of the bankruptcy proceedings involving the defendants) without objection.

Plaintiff's manager, Mr. Hopkins, testified that he handled the transaction dealing with the note and the financial statement. Plaintiff introduced certain ledger cards indicating defendants' payment record. Plaintiff's evidence further disclosed that it took possession of the security involved in this transaction and sold same for $135, which left a balance due of $1,293.85. The testimony disclosed that defendants wrote: "We claim no other debts" and signed their names to the financial statement. The financial statement stated: "to induce you to grant said loan, I hereby declare that all my * * *, debts and liabilities * * * are listed below."

Plaintiff admitted that it received notice of defendants' bankruptcy proceeding but filed no objection thereto.

At the conclusion of the evidence the court rendered judgment in favor of plaintiff in the sum of $1,428.85, being the amount prayed for in the petition. After an unsuccessful motion for new trial defendants appealed.

Defendants'-appellants' contention is that the court erred in failing to find for them for the reason that they "were discharged from all obligation on this transaction in Bankruptcy NO. 39000 and 39001, United States District Court for the Western District of Missouri. Same being filed on August 6, 1969."

At the beginning of their argument appellants refer to Sections 32 and 35 of Title 11 U.S.C. Both of these Sections are from the Bankruptcy Act but since the Cellar amendment of 1960, Subsection c(3) of Section 32 has dealt only with objections to discharge offered by a creditor where the debtor is a business firm and has made an allegedly false financial statement for his business to obtain money or property on credit or as an extension or renewal of credit. Title 11, Section 35(a)(2) provides that a discharge in bankruptcy shall release a bankrupt from all of his provable debts whether allowable in full or in part except such as are liabilities for obtaining money or property by false pretenses or false representations or for obtaining money or property on credit or obtaining an extension or renewal of credit in reliance upon a materially false statement in writing respecting his financial condition made or published or caused to be made or published in any manner whatsoever with intent to deceive. It is this portion of Section 35 with which we are concerned in this case.

■ From a comparison between the financial statement executed by appellants on August 23, 1968 and the bankruptcy schedule A it can be readily ascertained that there are some seven debts listed as being contracted prior to 1968 which are not at all listed on the financial statement. These debts total $2,135.89. It is also apparent from the financial statement and from appellants' own testimony that appellants wrote the words: "We clime no other debts" (sic). False representations in a loan application will bar the discharge in bankruptcy of the debtor's liability for the loan. H. A. Co. of Provo v. Campbell, 17 Utah 2d 401, 413 P.2d 595; Tower Finance Co. v. Winemiller, 43 Ill.App.2d 10, 192 N. E.2d 411; Liberal Finance Gentilly, Inc. v. Brister, (La.App.) 152 So.2d 331. Additional authorities to the same effect are collected in 17 A.L.R.2d 1208–1217.

■ Appellants argue that it must be shown that respondent put all its faith and

reliance on the financial statement in order for its falsity to bar appellants' discharge in bankruptcy. Respondent's loan office manager testified that if all of appellants' debts had been correctly listed on the financial statement it would have had a great bearing on the transaction and would have been a material consideration in whether or not to extend and renew this loan. It is by no means necessary that the bankrupts' financial statement must have been the sole thing relied upon. Yates v. Boteler, (9th Cir. 1947) 163 F.2d 955; Banks v. Siegel, (4th Cir. 1950) 181 F.2d 309.

Appellants cite Household Finance Corporation v. Groscost, 230 F.2d 608 (6th Cir.) and In re Supnick, 160 F.Supp. 355 (D.C.). Neither of these cases is authority for appellants' contention in the instant case and neither is factually similar to the instant case. In *Household Finance* the court merely held that the Referee was justified in his factual finding that since the finance company had dealt with the bankrupt husband and wife for a period of five years with the result that the company knew or should have known the financial condition of the bankrupts that the financial statements in question were immaterial. In the instant case the record discloses that the only other transaction that respondent had with appellants occurred in the year 1967 when the original loan was made. This is certainly different than a continued course of dealing over a five year period.

In the *Supnick* case the court held that the Referee's finding that oral statements by the bankrupt which were later incorporated into the loan application form by a bank official who was familiar with the bankrupt's business did not constitute a materially false financial statement and were not relied on, was not clearly erroneous and would, therefore, be upheld on appeal. The instant case has nothing whatever to do with oral statements being later incorporated in a written financial statement.

Lastly, appellants cite and quote from In re Walton, 51 F.Supp. 857 (D.C.). This is a 1943 case involving Title 11, Sec. 32 USC and concerns a creditor who concealed facts which would have barred any discharge of the alleged bankrupt and then later attempted to gain by his concealment at the expense of other creditors. The case does not involve Section 35 with which we are concerned in the instant case and was decided some seventeen years before the Cellar amendment in 1960. Appellants cite this case for authority that respondent was required to assert its contention of a fraudulent financial statement prior to appellants' discharge in bankruptcy. This point is specifically dealt with in 9 Am.Jur.2d, Bankruptcy, Sec. 780 wherein it is stated: "The effectiveness of Sec. 17(a) (2) in waiving liabilities within its terms from discharge is not dependent upon interposition of objections to discharge, and the creditors to whom the liability runs need not participate in any manner in the bankruptcy proceedings in order to safeguard his rights as against discharge of the bankrupt, if one is granted." The bankruptcy section number referred to in this quotation is identical with Title 11, Section 35(a) (2) U.S.C.

We should not reverse a judgment in a court tried case unless the judgment is "clearly erroneous." Truck Leasing Corp. v. Swope, 248 S.W.2d 84 (Mo.App.). Certainly, under the applicable law and the facts adduced at the trial, we cannot so hold.

The judgment in the amount of $1,293.85 should be affirmed. Your Special Commissioner so recommends.

PER CURIAM:

The foregoing opinion by JAMES W. BROADDUS, Special Commissioner, is hereby adopted as the opinion of the Court and the judgment is affirmed in the amount of $1,293.85.

All concur.